Bernard F. McCaffrey, J.
In May, 1970 the plaintiff, a female school teacher, and others filed a complaint with the State Division of Human Bights charging the defendant herein with an unlawful and discriminatory practice relating to employment, in violation of the Human Bights Law (Executive *216 Law, art. 15) of the State of New York. This complaint, relative to the Board of Education Administration Regulation No. 4153 pertaining to maternity leave promulgated on October 1, 1957. On December 1, 1970 a hearing was held, and on June 29, 1971, a decision was rendered finding that the defendant School District Administration Regulation No. 4153 was discriminatory against complainant because of her sex, in the terms, conditions and privileges of employment. The school district has appealed this determination and a decision is pending.
While the afore-mentioned proceedings were in progress, and specifically on November 17, 1970, the plaintiff was confirmed to be pregnant by her doctor, who stated in a letter of May 21, 1971, he could not determine date of delivery. On May 26, 1971 she was informed by the school district that, in view of the fact she was at least eight months pregnant and, therefore, in accord with the policy regarding maternity leave, the school district enforced upon her a maternity leave of absence effective June 1, 1971 and relating her ineligibility to return until September 1, 1972. However, in January, 1972 the district re-employed the plaintiff. She thereafter instituted this suit by the service of a summons and complaint on February 18, 1972 seeking her salary from June 1, 1971 to January 10, 1972, the period of her enforced maternity leave. The plaintiff in the same cause of action, in addition to wages, seeks declaratory relief from this court determining that defendant’s maternity leave policy be declared illegal, arbitrary, capricious and unreasonable.
Under the Executive Law (art. 15, § 297, subd. 9), “Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate, unless such person has filed a complaint hereunder or with any local commission of human rights ” (emphasis supplied).
Under the facts as they existed in May, 1970, the plaintiff, on the basis of the afore-mentioned statute, had a choice of remedies, whether to file a complaint with the State Division of Human Rights, or to institute a cause of action. She chose to file a complaint with the State Division of Human Rights and, therefore, under the statute elected her forum.
The fact that on May 26, 1971, which was subsequent to filing the complaint with the State Division of Human Rights and prior to their decision of June 29,1971, the school district placed her on an unpaid maternity leave effective June 1, 1971, may or may not be the basis for a claim for damages against the *217 school district, but having chosen the State Division of Human Bights for her forum, the proper procedure should have been to have amended the said complaint to set forth her damages. Section 297 (subd. 4, par. c) of the Executive Law empowers the Commissioner to award “ compensatory damages to the person aggrieved by such practice, as, in the judgment of the division, will effectuate the purposes of this article.”
In the Matter of State Division of Human Rights v. Luppino (35 A D 2d 107, 110-111), Martuscello, J., in the majority opinion stated: “ Subdivision 9 of section 297 of the Executive Law further provides that where a person has filed a complaint with the Division of Human Bights he is precluded from bringing an action in court on that same claim. The section goes on to state that where a" person has commenced an action in court on a claim of discrimination he is precluded from seeking administrative relief from the Division of Human Bights.
“ I am of the opinion that in enacting section 297 (subd. 4, par. c, clause [iii]; and subd. 9) of the Executive Law, the Legislature intended to give individuals a choice. They could either elect to sue in court and recover all damages which they could establish, including mental anguish, or they could elect to seek administrative relief under the Human Bights Law (Executive Law, art. 15). By electing to seek this latter relief, complainants may obtain directives and orders which will benefit both themselves and others in their position, but they limit their recovery for damages to actual out-of-pocket expenses.
‘ ‘ By requiring an election of remedies the Legislature has manifested its intention to limit persons to actual out-of-pocket damages when they elect the administrative remedy. If the agency had the power to award damages for pain and suffering and mental anguish and distress, there would be no reason for permitting a person to seek relief in court.”
In the instant proceeding plaintiff’s claim for loss of wages would clearly fall into the category of compensatory damages which could be readily computed and passed upon by the State Division of Human Bights. It is of note that in another matter, Weiss v. Wantagh Union Free School Dist. No. 23, recently passed upon by this court, the counsel for the State Division of Human Bights took the position that the Commissioner is empowered to award compensatory damages for lost wages. As cited in the Luppino case (supra, p. Ill) the court stated: “ In interpreting statutes empowering administrative agencies, the interpretation given by the agency is an element to be considered and it is often given great weight (Ferraiolo v. O’Dwyer, 302 N. Y. 371, 376; People v. Dilliard, 252 App. Div. 125).”
*218 Though it might be argued in an instance where an individual sustains damages subsequent to the filing of a complaint with the State Division of Human Eights that she would not be precluded from instituting a court action under the provisions of subdivision 9 of section 297 of the Executive Law on the theory that the same identical matter is not before the State Division of Human Eights, this is not the case in this proceeding for the plaintiff has coupled in the same cause of action the claim for damages along with the prayer for relief determining the maternity leave policy of the defendant to be illegal, arbitrary, capricious and unreasonable.
The court takes note of the provisions of subdivision 5 of section 297 of the Executive Law, which provides that ‘ ‘ Any complaint filed pursuant to this section must be so filed within one year after the alleged unlawful discriminatory practice.” The court believes that the purposes of the statute would be best served once a person, pursuant to the election of remedy, chooses to file a complaint with the State Division of Human Eights that the said division should pass upon any questions relating to compensatory damages. Furthermore, the court finds that any attempt to split the cause of action would be untenable in that it follows that the damages as well as the alleged wrongdoing should be before the court in the same proceeding, since damages are an integral part of a cause of action and not a cause of action by itself. Also it is noted that, particularly since the statute specifically provides that upon the exhaustion of the appeal procedures before the State Division of Human Eights, any appeal therefrom would go directly to the Appellate Division.
Therefore, in this proceeding the plaintiff should seek redress for compensatory damages before the State Division of Human Eights where she initiated her claim for relief.
Accordingly, the complaint is dismissed.