**Ronnie SELBST, Plaintiff,**

v.

**TOUCHE ROSS & CO., Defendant.**

**No. 84 Civ. 1067 (WK).**

United States District Court,
S.D. New York.

July 13, 1984.

Shapiro, Shiff, Beilly, Rosenberg & Fox, by Roy Karlin, New York City, for plaintiff.

Shea & Gould by John B. Grant, Jr., New York City, for defendant.

## MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

This employment discrimination case is before us on defendant's motion to dismiss a pendent state law claim, to strike a jury demand, and to strike a claim for damages resulting from mental anguish. For the reasons which follow we deny the motion.

### BACKGROUND

On June 30, 1984 plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging that defendant, her former employer, had discriminated against her on the basis of sex. By letter dated July 9, 1982 the EEOC informed plaintiff that under § 706(d) of Title VII, 42 U.S.C. 2000e-5(d), the EEOC could not consider the charge until a state or local agency had had at least sixty days to resolve the matter, and that it had therefore referred her complaint to the New York State Division of Human Rights. The letter further explained that the Division of Human Rights had waived the sixty-day deferral period and her charge was therefore "now under our jurisdiction and pending investigation." On December 4, 1983 the EEOC, at the request of plaintiff, issued a notice of right to sue. Plaintiff timely filed her complaint in federal court, which complaint includes two charges of discrimination on the basis of sex: Count One alleges violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.;* and Count Two charges violations of New York Executive Law, Article 15, § 296, N.Y.Exec.Law § 296 (McKinney 1982).

### DISCUSSION

Defendant contends that plaintiff's pendent state law claim is precluded by § 297(9) of the New York Executive Law, which provides in relevant part:

9. Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be ap-

propriate, *unless such person* had filed a complaint hereunder or with any local commission on human rights ... provided that, where the Division has dismissed such complaint on the grounds of administrative convenience, such person shall maintain all rights to bring suit as if no complaint had been filed. (Emphasis added.)

Defendant takes the position that the EEOC's referral of plaintiff's charge of discrimination to the New York State Division of Human Rights constitutes an election of remedies under § 297(9). Plaintiff, on the other hand, contends that because *she* never filed a complaint with a local commission on human rights she is not precluded from bringing her state claim in federal court.

At the time of oral argument neither party could point to a case which addressed precisely this issue.[1] However, subsequent to argument, the New York Supreme Court decided *Rodriguez v. B. Altman & Company, N.Y.L.J.* May 7, 1984, at 14, col. 2 (Sup.Ct.N.Y.Cty.), a case factually indistinguishable from the one at bar, in which the court decided the issue critical to this case. The court there reviewed the legislative history surrounding the enactment of subdivision (9) and concluded that the Legislature had contemplated that only persons who had themselves filed administrative complaints with the New York State Division of Human Rights would be barred from using the courts to enforce their rights. The court held that "where a complaint is filed with the Division on behalf of a grievant (and *not* by the grievant himself) he should not be prohibited from commencing a state court action involving the same claim." *Id.* at col. 3. We find the court's reasoning persuasive and therefore deny defendant's motion to dismiss the state law claims.

Defendant's arguments for striking plaintiff's jury demand and her claim for damages are premised on dismissal of the state law claims. Assuming that only the federal claim were to remain, it argues that no right to trial by jury exists in cases arising under Title VII, and that punitive damages of the type alleged by plaintiff are not recoverable in a Title VII action. If we had dismissed plaintiff's state law claim, we would agree with defendant and grant the relief requested. However, having retained the state law claim, we find ourselves in the position of a state court judge in determining whether plaintiff is entitled to a jury trial and damages of the type requested. Neither party contests that under New York law plaintiff is so entitled. It may seem odd that Congress should preclude punitive damages and the right to a jury trial in Title VII cases, and then permit the recognition of such rights and claims in such actions through the device of pendent jurisdiction. That is, however, an oddity for Congress to correct. Under New York law plaintiff is entitled to a jury trial and may be entitled to punitive damages. We accordingly deny defendant's motion to strike these requests.

In summary, defendant's motion is in all respects denied.

SO ORDERED.

---

**1.** Defendant cited several cases in which a plaintiff was precluded under § 297(9) from pursuing her discrimination claim in state or federal court. *Collins v. Manufacturers Hanover Trust Co.* (S.D.N.Y.1982) 542 F.Supp. 663, *Marin v. New York State Department of Labor* (S.D.N.Y. 1981) 512 F.Supp. 353, *State Division of Human Rights v. Commissioner of New York State De-* *partment of Civil Service* (4th Dep't 1977) 57 A.D.2d 699, 395 N.Y.S.2d 774, *Allison v. Board of Education* (S.Ct., Nassau Cnty. 1972) 70 Misc.2d 215, 333 N.Y.S.2d 261. In each such case, however, and unlike the case at bar, the plaintiff herself filed her complaint with a state or local agency before filing with a court.