*459 OPINION OF THE COURT
David B. Saxe, J.
In this action to redress racial discrimination, the defendant contends that the plaintiff is procedurally barred from proceeding under both title VII of the 1964 Civil Rights Act (Pub L 88-352) and New York State’s Human Rights Law (Executive Law art 15) and that she has failed to state a cause of action in tort. The defendant moves to dismiss each of the six causes of action alleged in the complaint.
Plaintiff, an employee of the defendant corporation between 1982 and 1985, alleges that she was discriminated against with respect to compensation, terms, conditions and privileges of employment and that she was illegally fired after she filed a complaint with the New York State Division of Human Rights.
The plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) on August 6, 1985, one month after she was fired from her job with the defendant company. Her complaint was immediately referred to the New York State Division of Human Rights pursuant to 42 USC § 2000e-5 (c) which provides that where a plaintiff is also protected by a State or local antidiscrimination law, the EEOC may not consider a charge until 60 days after proceedings have been commenced before the State or local authority.*
Plaintiff’s first two causes of action are brought pursuant to title VII and allege unlawful employment discrimination (42 USC § 2000e-2 [a]) and retaliation for filing a charge of discrimination (42 USC § 2000e-3 [a]).
Plaintiff’s third and fourth causes of action are based on alleged violations of the New York Human Rights Law; Executive Law § 296 (1) (a), (e), employment discrimination and retaliation, respectively.
Finally, plaintiff alleges that defendant’s actions constitute outrageous conduct (plaintiff’s fifth cause of action) and reckless conduct (plaintiff’s sixth cause of action) both of which caused plaintiff severe emotional distress.
Title VII creates a private right of action when the EEOC dismisses a complaint or fails to either file a civil suit within 180 days or enter into a conciliation agreement. Section 2000e-5 (f) (1) provides that under such circumstances the Commis *460 sion shall so notify the person aggrieved and that he or she may bring an action within 90 days thereafter.
Defendant contends plaintiffs first two causes of action are jurisdictionally defective because the plaintiff has not obtained the notice of right-to-sue from the EEOC. Without such notice defendant asserts, the complaint cannot stand.
Despite Supreme Court dicta that a plaintiff must have received the EEOC’s statutory notice of the right to sue before commencing an action, recent cases have held that a plaintiffs entitlement to a right-to-sue letter, not the letter itself, is the proper prerequisite for jurisdiction. (See, Perdue v Stone Transfer Corp., 690 F2d 1091 [4th Cir 1982].) In Johnson v Duval County Teachers Credit Union (507 F Supp 307 [MD Fla 1980]), the court held that a plaintiff who complies with the administrative process as much as possible by waiting more than 180 days from the time discrimination charges are filed and who has requested a right-to-sue letter from the EEOC but who has received no response, is not responsible for acts or omissions of the Commission and is excused from the requirement of receiving a right-to-sue letter.
Here, the plaintiff has fully complied with statutory requirements. Her complaint is deemed to have been filed with the EEOC in October 1985, 60 days after it was referred to the Division of Human Rights. Plaintiff waited well over 180 days before commencing this action and has requested a right-to-sue notice. Plaintiff is obviously entitled to the notice and the Commission’s failure to issue her letter as of this date should not preclude plaintiffs action.
Plaintiffs voluntary withdrawal of her complaint pending before the State agency does not, as suggested by the defendant, invalidate her EEOC charge, where, as here, the 60-day no-action period required by 42 USC § 2000e-5 (c) has been met. (Guse v J. C. Penney Co., 562 F2d 6 [7th Cir 1977], reh denied 570 F2d 679 [1978].)
The defendant challenges plaintiffs State law claims on the grounds that EEOC’s referral of plaintiff’s charge of discrimination to the New York State Division of Human Rights constitutes an election of remedies under Executive Law § 297 (9) and that the plaintiff is, accordingly, barred from bringing suit under the State law.
Executive Law § 297 (9) provides in part that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate *461 jurisdiction for damages and such other remedies as may be appropriate, unless such person had filed a complaint hereunder”. Had plaintiff herself filed a complaint with the Division of Human Rights, her action would be barred. However, the language of the statute which denotes "such person[s] [who have] filed a complaint” clearly limits the class of persons who may not pursue their rights in State court to those aggrieved persons who have themselves filed a complaint with the Division of Human Rights. When the EEOC refers a complaint to the Division of Human Rights on behalf of a grievant, the grievant is not prohibited from commencing a State court action involving the same claim. (Rodriguez v Altman & Co., NYLJ, May 7, 1984, p 14, col 2 [Sup Ct, NY County]; Selbst v Touche Ross & Co., 587 F Supp 1015 [SDNY 1984].)
Emil v Dewey (49 NY2d 968) cited by the defendant is not to the contrary. That case involved a complaint filed by the plaintiff and later withdrawn.
Nor is Love v Pullman Co. (404 US 522) on point. Love does not hold that EEOC’s referral of a complaint to a State agency is deemed to be a filing of the complaint by the individual. The case holds only that where the EEOC refers a case to a State agency an individual need not file a second complaint with the EEOC after the expiration of the 60 days’ no-action period. What was particularly relevant in Love was the court’s refusal to bar the plaintiff from maintaining his action on the basis of a procedural technicality. Clearly stating its policy, the court stated that "[s]uch technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process.” (404 US, at p 527.)
To prohibit the plaintiff in this case from maintaining her action on the grounds urged by the defendant would be similarly inappropriate. The plaintiff did not elect to pursue her State law remedies before the Division of Human Rights. In fact, she withdrew her complaint pending before that agency and chose instead to bring a State court action.
Plaintiff’s fifth and sixth causes of action cannot stand. New York does not recognize a cause of action in tort for abusive or wrongful discharge of an employee. (Murphy v American Home Prods. Corp., 58 NY2d 293.) The plaintiff has failed to allege any factual basis for maintaining an action based on either intentional infliction of emotional distress or "reckless” conduct causing emotional distress. Moreover, a plaintiff may *462 not evade the rule that no cause of action lies for abusive or wrongful discharge by casting his or her cause of action in terms of intentional infliction of emotional distress.
For the reasons stated above defendant’s motion is granted only to the extent that plaintiffs fifth and sixth causes of action are dismissed.

 The EEOC complaint is deemed filed 60 days after referral to the State agency. (Mohasco Corp. v Silver, 447 US 807 [1980].)