**Albert BRYAN, Plaintiff,**

**v.**

**CHEMICAL BANK, Defendant.**

**No. 85 Civ. 7047 (EW).**

United States District Court, S.D. New York.

March 6, 1987.

---

Charles E. Morrison, New York City, for Albert Bryan; Charles E. Morrison, of counsel.

Howard Weisblatt, New York City, for Chemical Bank; Howard Weisblatt, of counsel.

EDWARD WEINFELD, District Judge.

On May 2, 1984 defendant Chemical Bank terminated the employment of plaintiff Albert Bryan, a former officer in Chemical's tax department. Bryan, a black man who was then forty-one years of age, thereafter brought this action on September 6, 1985 alleging that his termination was the result of race discrimination in violation of the Civil Rights Act of 1866 [1] and age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA").[2] Chemical moves for summary judgment on the grounds of res judicata and collateral estoppel, and alternatively that plaintiff's ADEA claim is barred by the statute of limitations. Defendant also moves for sanctions against plaintiff pursuant to Fed.R.Civ.P. 11 for "forcing" defendant to make these motions.

Plaintiff is a member of a class of black managers and officers of Chemical's New York City offices who brought a class action suit in 1980 complaining of racial discrimination in the bank's employment and promotion practices. This action was settled in March 1984 by entry of a consent decree approved by Judge Conner, to whom the case had been assigned.

The consent decree established a mechanism whereby any class member could

---

1. 42 U.S.C. sec. 1981 et seq.

2. 29 U.S.C. sec. 621 et seq.

present discrimination charges to Chemical's internal employee grievance department, "Intercom." All Intercom determinations were then reviewable by the ombudsman, a bank vice president specially appointed to handle claims of discrimination. The ombudsman's decision was appealable to William S. Ellis, a special master designated by Judge Conner in the consent decree, whose determination was appealable to Judge Conner.

On May 5, 1984, after plaintiff had retained his present counsel, plaintiff contacted Intercom to protest his termination, alleging that he had been terminated because of racial discrimination. Intercom conducted an internal investigation, and determined that plaintiff was discharged not because of his race, but because of gross negligence in failing timely to file tax returns, causing Chemical substantial penalties, and by neglecting to file claims for net operating losses, causing the bank to overpay taxes in forty-six states. On appeal to the ombudsman, Intercom's determination was affirmed.

Bryan then brought his claim before Special Master Ellis, who conducted a full non-jury trial. Plaintiff was represented by counsel and took advantage of the full pre-trial discovery afforded him. The trial lasted seven days, during which 1,255 pages of testimony were taken. On the eighth day, when the trial was to be concluded, plaintiff and his attorney failed to make an appearance.

After the trial, Special Master Ellis upheld the ombudsman's determination that plaintiff was fired for cause. Chemical then moved before Judge Conner to confirm the master's award. Judge Conner did so,[3] holding that the special master's findings of fact were not clearly erroneous, and plaintiff's challenges were "entirely without merit."[4] Judge Conner also noted the special master's repeated efforts to assure plaintiff a complete and fair trial, and concluded that "the special master's decision is a thorough and well-reasoned review and analysis of the relevant issues."[5]

## DISCUSSION

Under the doctrine of *res judicata*, a final judgment on the merits of a cause of action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.[6] Collateral estoppel similarly operates to preclude relitigation of an issue of fact or law necessary to a court's judgment in a suit on a different cause of action involving a party to the former litigation.[7] Both doctrines require that the party against whom *res judicata* or collateral estoppel is asserted must have had a "full and fair opportunity" to litigate the issue in the earlier case.[8]

### The Section 1981 Claim

Plaintiff asserts that he did not have a full and fair opportunity to litigate his claim of racial discrimination because it was not decided by a jury. This position is untenable for two reasons. First, to the extent Bryan's prior claim was brought under Title VII, he was not entitled to a jury trial.[9] Because, however, the underlying class action raised claims not only un-

---

3. *In the Matter of the Claim of Albert Bryan*, 80 Civ. 7364 (S.D.N.Y. May 19, 1986) (WCC) [Available on WESTLAW, DCTU database].

4. *Id.* at 4.

5. *Id.*

6. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980); *Cromwell v. County of Sac*, 94 U.S. (4 Otto) 351, 352, 24 L.Ed. 195 (1877).

7. *Allen*, supra; *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979).

8. *Allen*, supra., at 95, 101 S.Ct. at 415; *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 328–29, 91 S.Ct. 1434, 1442–43, 28 L.Ed.2d 788 (1971).

9. *See e.g., American Federal Savings & Loan Association v. Novotny*, 442 U.S. 366, 375, 99 S.Ct. 2345, 2350, 60 L.Ed.2d 957 (1979); *Olin v. Prudential Insurance Co. of America*, 798 F.2d 1, 7 (1st Cir.1986); *Selbst v. Touche Ross & Co.*, 587 F.Supp. 1015, 1017 (S.D.N.Y.1984); *Travers v. Corning Glass Works*, 76 F.R.D. 431, 434 (S.D.N.Y.1977).

der Title VII but also under Section 1981, we further hold that any right Bryan might have had to a jury on his Section 1981 claim was waived by his failure to make a timely demand for a jury trial as required by Fed.R.Civ.P. 38.

Plaintiff initiated the proceedings before the ombudsman, voluntarily took an appeal before the special master, and opposed the district court's confirmation of the special master's findings, all without requesting trial by jury or protesting the lack thereof. The seventh amendment right to a jury trial is deemed waived when a litigant fails to follow the procedure to demand such a trial under Fed.R.Civ.P. 38.[10] Rule 38(b) provides that a party wishing to have claims tried by a jury must serve a demand for such jury no later than ten days after the service of the last pleading concerning the issues the litigant wishes to be tried by jury. Rule 38(d) states that the failure to file such a demand constitutes a full waiver of the jury trial right.

It is clear that Bryan waived any right to a jury trial that he might have had by failing to file a jury demand. As such, he cannot now complain that his failure to avail himself of this opportunity precludes defendant's proper invocation of the doctrines of *res judicata* and collateral estoppel in this matter. Judge Conner's decision on the issue of whether plaintiff's termination was the result of racial discrimination is wholly conclusive on this Section 1981 claim. Defendant's motion to dismiss the Section 1981 claim is therefore granted on the grounds of *res judicata*.

### The ADEA Claim

Although plaintiff's age discrimination claim was not formally raised in the previous litigation, it is nonetheless barred under the doctrine of collateral estoppel. Necessary to Judge Conner's holding that plaintiff was terminated for good cause were the factual findings that no discrimination was involved, and that the reason for plaintiff's discharge was his negligent conduct which cast the defendant in substantial liability. This finding precludes plaintiff from advancing any claim, be it because of age or race, that his termination was discriminatory.

Additionally, plaintiff concedes that his ADEA claim was not filed within the 300 day period required by 29 U.S.C. sec. 626(d), but argues that the period should be tolled because he did not learn until June 1985 that he was replaced by a somewhat younger employee. Plaintiff's position in this regard is without substance. The doctrine of equitable tolling applies only where an employer's conduct is "extraordinary;"[11] for example, "when an employer's misleading conduct is responsible for the employee's unawareness of his cause of action."[12] Plaintiff knew of his replacement's presence at Chemical and was aware of the new employee's job duties. There is no reason for equity to intercede to deprive defendant of its valid affirmative defense in this case. Plaintiff's ADEA claim is also dismissed as untimely.

### Conclusion

Defendant's motion to dismiss the complaint is granted. The motion for sanctions is denied.

So ordered.

10. *See, e.g., Washington v. New York City Board of Estimate,* 709 F.2d 792, 797 (2d Cir.), *quoting* 9 C. Wright & A. Miller, Federal Practice & Procedure, sec. 2321, at 101 (1971): "waiver by failure to make a timely demand is complete even though it was inadvertent and unintended and regardless of the explanation or excuse,", *cert. denied,* 464 U.S. 1013, 104 S.Ct. 537, 78 L.Ed.2d 717 (1983).

11. *Miller v. International Telephone & Telegraph Corp.,* 755 F.2d 20, 24 (2d Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985).

12. *Dillman v. Combustion Engineering, Inc.,* 784 F.2d 57, 61 (2d Cir.1986).