Curtis L. WRENN, Plaintiff,

v.

Edward DERWINSKI, Secretary, Department of Veterans Affairs, Defendant.

Civ. A. No. 91–2295 SSH.

United States District Court, District of Columbia.

May 15, 1992.

**12**

Curtis L. Wrenn, pro se.

Patricia D. Carter, Asst. U.S. Atty., Washington, D.C., for defendant.

---

## ORDER

STANLEY S. HARRIS, District Judge.

This is an action alleging age and race discrimination in employment. Plaintiff alleges that the Department of Veterans Affairs did not hire him to fill five positions in violation of Title VII of the Civil Rights Act, 42 U.S.C.A. § 2000e, *et seq.*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. § 621, *et seq.* Plaintiff also alleges that defendant refused to release records in violation of the Freedom of Information Act (FOIA), 5 U.S.C.A. § 552, and the Privacy Act, 5 U.S.C.A. § 552a.

Before the Court is defendant's motion to dismiss. On consideration of the pleadings and the entire record, the Court grants the motion.[1]

Plaintiff's claims of race and age discrimination rest in part on defendant's failure to select him to fill four positions: Director, Medical Administration Services, Assistant Medical Center Director, Director of VA Medical Center, and Associate Assistant Administrator for Personnel Operations. (Complaint at 3). Plaintiff previously challenged the failure to hire him for those positions in *Wrenn v. Nimmo*, C.A. No. 82–2528 (D.D.C.). In that case, plaintiff alleged employment discrimination on the basis of his race, his previous filing of employment discrimination claims, and his status as a "Vietnam Era Veteran."[2] (Defendant's ex. 2 at 4). Judge Flannery resolved the claims with regard to each of the four positions adversely to plaintiff.[3] (Defendant's exs. 3–5).

■ The doctrine of res judicata bars relitigation of plaintiff's race discrimination claims arising out of the four positions addressed in *Wrenn v. Nimmo. See Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). "Under res judicata, a final judgment on the merits bars further claims by the parties or their privies based on the same cause of action." *Id.* Plaintiff had a full opportunity to litigate the race discrimination claims regarding the four positions in his earlier case. Therefore, the race discrimination claims with regard to the positions are dismissed.

---

1. Rule 52(a) provides that "findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56." Nevertheless, the Court briefly outlines its holding with regard to each of plaintiff's claims for the benefit of the parties.

2. Plaintiff did not allege age discrimination in *Wrenn v. Nimmo.*

3. On March 23, 1986, Judge Flannery ruled that plaintiff failed to consult an EEO Counselor within the statutory time period with regard to the position of Associate Assistant Administrator for Personnel Operations. He therefore granted

defendant's motion for summary judgment on that position. On October 16, 1985, Judge Flannery granted defendant's unopposed motion for summary judgment on the position of Assistant Medical Center Director on the ground that defendant legally could not have hired plaintiff because he was not rated among the top three applicants. Finally, on May 8, 1986, after plaintiff failed to appear for trial, Judge Flannery dismissed with prejudice the claims regarding the two other positions, Director, Medical Administration Services, and Director of VA Medical Center. The Court of Appeals affirmed the disposition. *Wrenn v. Walters*, 851 F.2d 1502 (D.C.Cir.1988).

Res judicata also bars the age discrimination claims arising out of the four positions addressed in *Wrenn v. Nimmo.* The doctrine bars "any further claim based on the same 'nucleus of facts,' for 'it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory on which the a litigant relies." *Page v. United States,* 729 F.2d 818, 820 (D.C.Cir.1984) (quoting *Expert Elec., Inc. v. Levine,* 554 F.2d 1227, 1232–33 (2d Cir.), *cert. denied,* 434 U.S. 903, 98 S.Ct. 300, 54 L.Ed.2d 190 (1977)); *accord Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979). Plaintiff's age discrimination claims involve the same facts as the race discrimination claims in *Wrenn v. Nimmo.* The relevant facts are the position, the identity of the person selected, the selectee's qualifications relative to plaintiff's, and the defendant's reasons for making the selection. In addition, plaintiff could have presented his age discrimination claims with the race discrimination claims in *Wrenn v. Nimmo.* Plaintiff suggests that he was required under the ADEA to exhaust the administrative process. However, eight days after plaintiff filed the complaint in *Wrenn v. Nimmo,* the United States Court of Appeals for the District of Columbia Circuit ruled that the administrative remedies under the ADEA are optional. *Kennedy v. Whitehurst,* 690 F.2d 951 (D.C.Cir.1982). Therefore, plaintiff could have foregone the administrative process and added the age claims to his complaint. Considerations of judicial economy and fairness to the defendant weigh in favor of requiring plaintiff to raise his various legal claims regarding a single employment action in one suit. Therefore, the doctrine of res judicata bars the age claims relating to the positions addressed in *Wrenn v. Nimmo. See Page,* 729 F.2d at 820.

In the alternative, the doctrine of collateral estoppel bars plaintiff's age claims. Under that doctrine, a judgment in a prior action has a preclusive effect as to

any issue of fact or law that is necessary to the judgment. *See Parklane Hosiery Co.,* 439 U.S. at 326 n. 5, 99 S.Ct. at 649 n. 5. The doctrine applies to any party who had a full and fair opportunity to litigate the issue in an earlier action. *Id.* at 426 n. 7, 99 S.Ct. at 649 n. 7. Because Judge Flannery dismissed several of plaintiff's claims for failure to prosecute, there is an ambiguity as to the legal and factual issues necessarily resolved by the judgment. Either plaintiff failed to establish a prima facie case of race discrimination or defendant rebutted plaintiff's claim by establishing a nondiscriminatory reason for its decision. The former finding arguably might not preclude an age discrimination claim while the latter would. *See Bryan v. Chemical Bank,* 655 F.Supp. 322 (S.D.N.Y. 1987). *But see Perry v. Kunz,* 878 F.2d 1056 (8th Cir.1989). That ambiguity should be resolved against the plaintiff because it results from his own failure to appear. Thus, the disposition of plaintiff's claims in *Wrenn v. Nimmo* conclusively establishes that defendant's decision not to hire plaintiff to fill each of the four positions was not wrongful. Therefore, the age claims are dismissed on the alternative grounds of collateral estoppel.

Plaintiff's claims of race and age discrimination based on defendant's failure to hire him for the position of Director, Veterans Assistance Service, are also subject to dismissal. With regard to the age discrimination claim, plaintiff did not provide the EEOC with notice of his intent to sue within 180 days of the nonselection as required by the ADEA. Therefore, the claim must be dismissed. *See Kennedy,* 690 F.2d at 961. With regard to the race discrimination claim, over ten years have elapsed since plaintiff filed an administrative complaint.[4] During that time, he pursued numerous other claims against this defendant but did not press the claim regarding this position. Plaintiff puts forth no reasonable excuse for waiting ten years to file a complaint. The delay has prejudiced defendant's ability to investigate the

---

4. Plaintiff filed an administrative complaint that referred to this position on November 1, 1981. For the purpose of this motion, the Court assumes that the administrative complaint was

sufficient to satisfy the exhaustion requirement under Title VII. The agency did not investigate the claim with regard to this position and, by all appearances, plaintiff abandoned the claim.

claim and to defend it. Therefore, plaintiff is estopped from pursuing the race discrimination claim for this position under the doctrine of laches, and the claim is dismissed.

 Finally, plaintiff's claim pursuant to the FOIA and the Privacy Act must be dismissed. The complaint merely asserts the legal conclusion that defendant has violated the FOIA's provisions without alleging facts to support the claim. Plaintiff does not identify the documents that he requested and that the defendant refused to release. In the absence of such factual assertions, the complaint fails to meet the requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Dismissal pursuant to Rule 12(b)(6) is appropriate. Accordingly, it hereby is

ORDERED, that defendant's motion to dismiss is granted.

SO ORDERED.

See also 791 F.Supp. 17.

---

Jerrol A. Crouter, Drummond, Woodsum, Plimpton & MacMahon, Portland, Me., for Fleet Bank.

Jeffrey M. White, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for SPI Liquidating.

George F. Burns, Amerling & Burns, Portland, Me., for Zollinger.

John N. Kelly, Kelly, Remmel & Zimmerman, Portland, Me., for Druce.