Bhupinder S. BAWA, Plaintiff,

v.

BROOKHAVEN NATIONAL LABORATORY, ASSOCIATED UNIVERSITIES, INC., Defendant.

No. CV 95–3472.

United States District Court, E.D. New York.

July 3, 1997.

Leeds & Morelli by Eileen Campbell, Carle Place, NY, for Plaintiff.

Seyfarth, Shaw, Fairweather & Geraldson by Edward Cerasia II, New York City, for Defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

### I. Introduction

Plaintiff Bhupinder S. Bawa ("Bawa"), an employee of Brookhaven National Laboratory, Associated Universities, Inc. ("BNL"), commenced an action with the United States Equal Employment Opportunity Commission ("EEOC"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYHRL") for alleged violations of his civil rights. Plaintiff claims in his charge of discrimination against BNL with the EEOC that he has been denied training and transfer or promotion opportunities with respect to "approximately 100" positions. Defendant BNL now moves the Court for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

As demonstrated below, the Court partially grants BNL's motion on the following grounds: (1) Bawa's pre-May 12, 1992 Title VII transfer and promotion claims are time barred under the applicable 300–day statute of limitations; (2) the Court lacks jurisdiction over both Bawa's post-March 8, 1993 Title VII transfer and promotion claims as well as the Title VII harassment claim because he never filed a charge of discrimination with the EEOC as to any of those claims. The Court denies BNL's motion as to the remaining claims arising between May 12, 1992 and March 8, 1993 because the claims are not barred by the doctrine of res judicata.

### II. Background

The undisputed facts can be summarized as follows. On March 8, 1993, Bawa filed a charge of discrimination against BNL with the EEOC. The EEOC referred Bawa's March 1993 charge to the New York State Division of Human Rights ("NYSDHR") for investigation. The NYSDHR issued a "Determination and Order After Investigation" on July 14, 1995 finding that there was "no probable cause" to believe that BNL discriminated against Bawa. Bawa chose not to appeal the NYSDHR's determination, but rather to initiate the present lawsuit in which Bawa claims that since 1986 he has been denied promotions or transfers with respect to "approximately seventy-six positions" due to his race, color, religion and national origin. Additionally, Bawa alleges that he was subjected to workplace harassment.

### III. Discussion

According to Rule 12(c) of the Federal Rules of Civil Procedure, "any party may move for judgment on the pleadings" after the pleadings are closed "but within such time as not to delay the trial." Fed.R.Civ.P. 12(c). However, if on a motion for judgment on the pleadings, matters outside of the pleadings are "presented to and not excluded by the court," the motion may be treated as one for summary judgment. *Id.* Upon motion for judgment on the pleadings, the Court has discretion to consider materials outside of the pleadings, upon notice to all parties, in which case the Rule 12(c) motion is treated as a motion for summary judgment pursuant to Rule 56 and accordingly, this Court will treat BNL's motion as one for summary judgment. *See Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639 (2d Cir.1988).

A party seeking summary judgment must demonstrate to the Court that "there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 57 (2d Cir.1987). The non-moving party may defeat the summary judgment motion by producing sufficient evidence to establish a

genuine issue of material fact for trial. *Celotex* at 322, 106 S.Ct. at 2552. In ruling on a motion for summary judgment, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. *Donahue* at 57. However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### Incidents Prior to May 12, 1992

■ In order to maintain a suit under Title VII, a plaintiff must file a charge of discrimination with the EEOC within 300 days of the allegedly discriminatory act. *Butts v. City of New York Dep't of Housing Preservation & Dev.*, 990 F.2d 1397, 1401 (2d Cir.1993). Therefore, incidents involving a failure to promote which occurred more than 300 days before the administrative charge was filed with the EEOC are time-barred. *Samuel v. Merrill Lynch Pierce Fenner & Smith*, 771 F.Supp. 47, 48 (S.D.N.Y.1991).

■ In the case at bar, the majority of Bawa's transfer and promotion claims, as illustrated by the chart Bawa prepared in connection with this action, occurred more than 300 days before Bawa filed his EEOC charge. Bawa filed his EEOC charge on March 8, 1993. Although plaintiff argues that there was a continuing violation due to the defendant's alleged on-going discriminatory practice, "the mere continuation of a discriminatory act's effects, when the act itself occurred prior to the pertinent limitations period, is not sufficient to support recovery under Title VII." *Ass'n Against Discrimination v. City of Bridgeport*, 647 F.2d 256, 274 (2d Cir.1981). In fact, the Second Circuit has consistently looked unfavorably on the continuing violation arguments. *See Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 713 (2d Cir. 1996); *Butts v. City of New York Dep't of Hous. Preservation & Dev.*, 990 F.2d 1397, 1404 (2d Cir.1993); *Thanning v. Gulotta*, 898 F.Supp. 134, 140 (E.D.N.Y.1995); *Blesedell v. Mobil Oil Co.*, 708 F.Supp. 1408, 1415 (S.D.N.Y.1989). The continuing violation exception only applies to cases in-

volving specific discriminatory policies or mechanisms, such as seniority lists or employment tests. *Lambert v. Genesee Hospital*, 10 F.3d 46 (2d Cir.1993). As the Second Circuit pointed out, "multiple incidents of discrimination, even similar ones, that aren't the result of discriminatory policy or mechanism, do not amount to a continuing violation." *Id.* Past incidents of a failure to promote alone such as Bawa has alleged, neither constitutes a continuing violation nor demonstrates a specific ongoing policy or mechanism of discrimination. *Blesedell* 708 F.Supp. at 1415.

■ Additionally, a continuing violation must be clearly asserted in both the EEOC filing and in the complaint. *Miller v. ITT*, 755 F.2d 20, 25 (2d Cir.1985), *cert. denied*, 474 U.S. 851, 106 S.Ct. 148, 88 L.Ed.2d 122, *reh'g denied*, 474 U.S. 1015, 106 S.Ct. 552, 88 L.Ed.2d 479 (1985); *Cook v. Pan Am. World Airways*, 771 F.2d 635, 646 (2d Cir.1985), *cert. denied*, 474 U.S. 1109, 106 S.Ct. 895, 88 L.Ed.2d 929 (1986). Bawa did not clearly state a continuing violation by marking the "Continuing Action" box on the Charge of Discrimination form and furthermore, the Complaint does not even assert a continuing violation. Accordingly, the Court rejects Bawa's argument in favor of applying the continuing violation exception and dismisses all of Bawa's pre-May 12, 1992 Title VII transfer and promotion claims found in the Complaint.

### Incidents Occurring After March 8, 1993

■ Plaintiff argues that he was discriminatorily denied several transfers or promotions after he filed his EEOC charge on March 8, 1993. A jurisdictional prerequisite to a private civil action under Title VII is the filing of a charge with the EEOC. A plaintiff may only seek relief for those claims which are either included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is "reasonably related" to that alleged in the EEOC charge. *Butts*, 990 F.2d at 1401. As the Butts court pointed out, "This exhaustion requirement is an essential element of Title VII's statutory scheme." *Id.*

In the case at bar, Bawa alleges that he was discriminatorily denied several transfers and promotions after he filed his EEOC charge on March 8, 1993 and that these claims are reasonably related to the claims alleged in his original EEOC charges. However, Bawa did not file an EEOC charge relating to any denials of transfer or promotion or any other alleged discriminatory conduct occurring after March 8, 1993. The Second Circuit has identified the following examples of discrimination that were sufficiently "reasonably related" to satisfy the exhaustion requirement without refiling with the EEOC: acts of retaliation by an employer; discrimination carried out in precisely the same manner as the prior incidents; or an allowance for loose pleadings by employees untrained in the law. *Id.* The applicable incidents do not come under the loose pleadings exception because even if Bawa had the benefit of counsel when filing the charge of discrimination, he could not have alleged the post-March 8, 1993 incidents because they had not yet occurred. Moreover, Bawa never alleged retaliation by BNL. While the incidents may initially appear to be reasonably related because they involve a similar manner of discrimination, the Second Circuit in *Butts* found no reasonable relationship under similar facts when it affirmed dismissal of two promotion discrimination claims for lack of jurisdiction because a woman did not file an additional or amended EEOC charge which allegedly occurred after she filed her original EEOC charge. As such, the Butts court makes it clear that this Court lacks jurisdiction over all of Bawa's Title VII promotion and transfer claims relating to conduct that occurred after March 8, 1993 because Bawa failed to file an EEOC charge with respect to those claims.

■ Additionally, this Court lacks jurisdiction over Bawa's post-March 8, 1993 harassment claim as it is neither "reasonably related" to the alleged promotion and trans-

fer incidents which Bawa filed originally with the EEOC, nor was this claim included in Bawa's March 8, 1993 EEOC charge. This District has previously held that a harassment claim is not reasonably related to promotion claim found in an EEOC charge because the harassment claim is "quite distinct" and as such the filing of charges of discrimination in promotion will not relieve the plaintiff from having to file an EEOC complaint for the harassment claim as well. *See Edmonston v. MGM Grand Air, Inc.*, 808 F.Supp. 197, 202–203 (E.D.N.Y.1992). Simply because a plaintiff has filed other claims with the EEOC will not save a claim that he has not actually asserted with the agency. Accordingly, the Court lacks jurisdiction with respect to Bawa's post-March 8, 1993 transfer and promotion claims which relate to conduct that occurred after Bawa filed his EEOC charge and Bawa's Title VII harassment claim

### Res Judicata

■ BNL claims that Bawa's filing with the EEOC amounts to an election of administrative remedy rather than a judicial remedy. Because NYSDHR issued a finding of "NO PROBABLE CAUSE", BNL asserts that Bawa is barred from asserting the same claims in federal court under the doctrine of res judicata. The federal and state procedure differ in that the filing of a charge with the EEOC is merely a prerequisite to filing a lawsuit whereas filing with the NYSDHR amounts to an election of remedies. This raises the issue of whether an EEOC filing which is referred to the NYSDHR is also an election of remedies.[1] Other districts within the Second Circuit have held that the language of New York Executive Law § 297(9) bars only those grievants who personally file a discrimination complaint with the NYSDHR or a local agency. *Olsen v. Citibank N.A.*, No. 88 Civ. 6754, 1990 WL 41709, at *1 (S.D.N.Y. April 6, 1990); *People v.*

---

1. Section 297 of the New York Executive Law provides in relevant part:

    Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate, *unless such person* had filed

a complaint hereunder or with any local commission on human rights ... provided that, where the Division has dismissed such complaint on the grounds of administrative convenience, such person shall maintain all rights to bring suit as if no complaint had been filed. (Emphasis added.)

*Holiday Inns,* 656 F.Supp. 675 (W.D.N.Y. 1984); *Selbst v. Touche Ross & Co.,* 587 F.Supp. 1015 (S.D.N.Y.1984). This Court agrees that § 297(9) can not bar those whose EEOC complaint is forwarded to the NYSDHR by the EEOC. The plain-meaning interpretation of the language from § 297(9) states that unless such person had filed a Charge of Discrimination with the NYSDHR they may still bring suit. When the EEOC chooses to refer a charge to a state agency, the individual claimant has no choice in the matter, and therefore, has not made a meaningful election of remedies. Section 297(9) cannot be read to allow the EEOC to make such an election for an individual merely by satisfying the EEOC's filing prerequisite.

Furthermore, there are at least three New York State court cases in which the plaintiff first filed with the EEOC, after which the EEOC automatically filed the charge with a state human rights agency. In all three cases, the plaintiffs then sought to bring their claims under § 297 in state court. The courts found that, on these facts, New York Executive Law § 297(9) did not mandate dismissal of the claims. *Rodriguez v. Atman & Co.,* NYLJ May 7, 1984, at 14, Col. 2, (Sup. Ct., New York City); *Scott v. Carter-Wallace,* 134 Misc.2d 458, 511 N.Y.S.2d 767 (Sup. Ct.1986) and *Dominique v. Plaza Operating Partners, Ltd.,* NYLJ July 13, 1995, at 25, col. 6.

In the case at bar, plaintiff filed his Title VII claims with the EEOC, on March 8, 1993, alleging discriminatory actions on the part of the defendant. Thereafter, the EEOC referred the claim to the NYSDHR which issued a "Determination and Order After Investigation" finding "NO PROBABLE CAUSE" to believe that BNL had discriminated against Bawa on July 14, 1995. Thus, plaintiff did not elect to have the state agency consider his claim. The fact that Bawa did not mark an "x" in the box on the Charge of Discrimination form which requests that his filing be deemed effective with both the EEOC and the NYSDHR is further evidence that plaintiff did *not* elect his judicial remedy and did not choose to file with the NYSDHRL The NYSDHR was involved only at the request of the EEOC.

Therefore, in light of the fact that Bawa filed only with the EEOC, and that the EEOC routinely refers such discrimination claims, the NYSDHR determination does not bar Bawa's claim on res judicata or jurisdictional grounds.

### IV. Conclusion

For the above reasons, the motion for summary judgment is granted in part and denied in part. Bawa's pre-May 12, 1992 Title VII claims which are time barred under the applicable 300-day statute of limitations and Bawa's post-March 8, 1993 Title VII claims which were never filed with the EEOC are dismissed. The motion is denied with respect to the alleged discriminatory incidents which occurred between May 12, 1992 and March 8, 1993 because they are not barred by the doctrine of res judicata. Lastly, Bawa's allegation of sexual harassment is dismissed for failure to raise it in his March 8, 1993 EEOC filing.

**SO ORDERED.**