Richard F. HUNNEWELL, Plaintiff,

v.

**MANUFACTURERS HANOVER TRUST COMPANY, Defendant.**

**No. 85 Civ. 2332 (LLS).**

United States District Court,
S.D. New York.

Feb. 14, 1986.

Cohen & Jaeger, New York City, for plaintiff; Steven M. Jaeger, of counsel.

Simpson, Thacher & Bartlett, New York City, for defendant; Leslie E. Jones, J. Scott Dyer, of counsel.

## OPINION

STANTON, District Judge.

Plaintiff Richard F. Hunnewell alleges age discrimination by defendant Manufacturers Hanover Trust Company, resulting in termination of his employment. He has a proceeding pending before the New York State Division of Human Rights ("SDHR"), and has sued in this federal court pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), after filing a timely charge with the Equal Employment Opportunity Commission ("EEOC"), as the ADEA requires.

In his complaint, plaintiff alleges that defendant violated: (1) the ADEA; (2) the New York Human Rights Law; and (3) plaintiff's employment contract. Defendant moves to dismiss plaintiff's second claim, pursuant to N.Y.Exec.Law § 297, subd. 9 (McKinney 1982), on the ground that the court lacks subject matter jurisdiction over that claim under the doctrine of election of remedies; and to dismiss plaintiff's third claim on the grounds that plaintiff was an employee at will, and (alternatively) that plaintiff's alleged oral contract

of employment is void and unenforceable under the Statute of Frauds, New York Gen.Oblig.Law § 5–701 (McKinney 1978).

### A. "Election" of Remedies

■ N.Y.Exec.Law § 297, subd. 9 provides that an employee aggrieved by an unlawful discriminatory practice must choose between asserting his claim in a court of appropriate jurisdiction or by complaint to the SDHR, and he cannot do both. *See Collins v. Manufacturers Hanover Trust Co.*, 542 F.Supp. 663, 672–73 (S.D.N.Y.1982). Thus a claimant must choose between state judicial and administrative relief. This does not preclude a claimant from bringing a federal claim in federal court, as "state statutes cannot limit the jurisdiction ... of the federal courts ..." *Griffith v. Bank of New York*, 147 F.2d 899, 904 (2d Cir.), *cert. denied*, 325 U.S. 874, 65 S.Ct. 1414, 89 L.Ed. 1992 (1945); *see also Koster v. Chase Manhattan Bank, N.A.*, 609 F.Supp. 1191, 1196 (S.D.N.Y. 1985) (although N.Y.Exec.Law § 297(9) gives an aggrieved individual choice of judicial or administrative proceedings, his choice of administrative route does not affect his right to bring federal claims in federal court). But if the claimant chooses the state administrative route, he cannot assert his state claims in federal court because, with respect to pendent state claims, a federal court sits as a state court, and is bound by principles of state law. *Collins v. Manufacturers Hanover Trust*, 542 F.Supp. at 672; *see also Pandis v. Sikorsky Aircraft Division of United Technologies Corporation*, 431 F.Supp. 793, 795–96 (D.Conn.1977).

■ ADEA § 633(b) requires a claimant bringing an ADEA claim first to file a complaint with the appropriate agency having "authority to grant or seek relief from such discriminatory practice." *See Meschino v. International Telephone and Telegraph Corp.*, 563 F.Supp. 1066, 1074 (S.D.N.Y.1983). In order to be able to bring an ADEA claim, then, the plaintiff does not really have the "choice" that N.Y. Exec.Law § 297, subd. 9 appears to give him. If he wishes to assert his federal claim in federal court, all claims including his state statutory claim must first be submitted to the State's administrative procedure, under New York law.

■ Once plaintiff had filed his complaint with the SDHR and thus "elected" to pursue his state employment discrimination claims in an administrative forum, as he was required to do by ADEA § 633(b), he was barred by N.Y.Exec.Law § 297, subd. 9 from pursuing his state claims in state or federal court. His federal claims can proceed in federal court, and his state claims remain in the state administrative agency (which, we are told by plaintiff, usually stays its proceedings while the federal case is pending). *See* 29 U.S.C. § 633(a); *Dunlop v. Pan American World Airways, Inc.*, 672 F.2d 1044, 1049–50 n. 7 (2d Cir. 1982).

Thus, although it may seem anomalous, because of the requirements of ADEA § 633(b), a plaintiff who brings an ADEA claim in federal court cannot bring a New York State claim in either state or federal court.[1]

Accordingly, plaintiff's employment discrimination claim based on N.Y.Exec. Law § 296 is dismissed for lack of subject matter jurisdiction.

### B. Breach of Contract

■ Plaintiff's complaint alleges that defendant, in terminating plaintiff's employment due to his age, breached both its promises to plaintiff and its own personnel policies and procedures. In his motion papers, plaintiff alleges that defendant's ac-

---

1. New York law provides for state court review of his state claims on appeal from the administrative agency. *See* N.Y.Exec.Law §§ 297–a, 298; *see also Pandis v. Sikorsky Aircraft Div. of U.T.C.*, 431 F.Supp. at 796 ("[i]f at the termination of this federal law suit plaintiffs [sic] thinks that state law would afford remedies not granted in this case, he will be free to resume his action before the [Connecticut Commission on Human Rights and Opportunities] and pursue his state appeal is [sic] necessary").

tions violated a public policy of the state of New York, which prohibits age discrimination in employment.

New York's well-settled rule is that "where an employment is for an indefinite term it is presumed to be a hiring at will which may be freely terminated by either party at any time for any reason or even for no reason." *Murphy v. American Home Products Corp.*, 58 N.Y.2d 293, 461 N.Y.S.2d 232, 235, 448 N.E.2d 86 (1983). Plaintiff states that defendant promised him "that his tenure with defendant was for his full working life" and that "he would be permitted to continue working through normal retirement age." Amended Complaint, ¶¶ 5, 7. The actual term of his employment was thus indefinite. The law is clear that "the duration of an employment contract in New York must be set forth explicitly, or it shall be terminable at will." *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 448 (2d Cir. 1980). *See Shaitelman v. Phoenix Mutual Life Insurance Co.*, 517 F.Supp. 21, 24 (S.D.N.Y.1980); *Hager v. Union Carbide Corp.*, 106 A.D.2d 348, 483 N.Y.S.2d 261, 263 (1984). The promises by defendant to which plaintiff points, specifically the phrases "full working life" and "through normal retirement age", do not explicitly state a definite term during which plaintiff could expect to remain employed. Thus, plaintiff's employment was one at will under New York law.

Plaintiff claims that defendant's right to discharge him was subject to two limitations.

The first claimed limitation is an express one. The New York Court of Appeals has stated that "if there were an express limitation on the employer's right of discharge it would be given effect even though the employment contract was of indefinite duration." *Murphy v. American Home Products Corp.*, 461 N.Y.S.2d at 237, 448 N.E.2d at 91.

Plaintiff alleges that defendant discharged him in violation of its own "personnel policies and procedures", thereby breaching their contract of employment.

Amended Complaint, ¶¶ 10, 22. The New York Court of Appeals recently held that an employer's handbook and policy manual which expressly provide that an employee will only be terminated for just cause may create a contractual limitation on the employer's right to discharge. *Weiner v. McGraw-Hill, Inc.*, 57 N.Y.2d 458, 457 N.Y. S.2d 193, 443 N.E.2d 441 (1982). Plaintiff's references to defendant's personnel policies, however, fall far short of establishing in this case the facts which led to that holding in *Weiner.* Plaintiff does not allege that he was induced to leave his prior employment in reliance on a promise by defendant that he would not be discharged without just cause. Nor does plaintiff assert that such a promise was either incorporated in his employment application, or prompted him to reject other offers of employment. He does not identify specific provisions in defendant's employment manual or handbook which state that plaintiff would only be dismissed for just cause, and show that he relied upon them. *See id.,* 457 N.Y.S. at 197, 443 N.E.2d at 445; *Murphy v. American Home Products Corp.,* 461 N.Y.S.2d at 237–8, 448 N.E.2d at 91–92. In short, plaintiff has failed to show that the personnel procedures formed a part of his contract, rather than a unilateral declaration by the defendant of a *modus operandi* which it could change at its pleasure. Moreover, although the holding is subject to appeal, the New York Supreme Court recently held that defendant's manual does not contain an express limitation on the employer's right of discharge, such as the "just cause" provision in the manual in *Weiner. Malke v. Manufacturers Hanover Trust Co.,* No. 23812/84, slip op. at 3 (N.Y.Sup.Ct. March 8, 1985).

Next, plaintiff alleges that New York's public policy, as expressed in several statutes and the State Constitution, prohibits age discrimination in employment and thus limits defendant's right to terminate plaintiff, as though of its own force the policy became a part of the employment contract. Here plaintiff points to *Murphy's* statement that "absent a constitutionally imper-

missible purpose, a statutory proscription, or an express limitation in the individual contract of employment, an employer's right at any time to terminate an employment at will remains unimpaired", *Murphy v. Home American Products Corp.*, 461 N.Y.S.2d at 237, 448 N.E.2d at 91, as negatively implying intrinsic limitations in the employment-at-will contract. The New York Court of Appeals held otherwise.

 New York does not regard its anti-discrimination statute as comprising an inherent term of every employment agreement, thus imposing an implicit exception to the employment-at-will doctrine. *See Murphy*, 461 at 235–36, 448 N.E.2d at 89–90. Although some lower courts in New York have expressed their willingness to recognize such an exception if a plaintiff can demonstrate that an employer in discharging him violated a public policy "derived from ... New York constitutional, statutory or decisional law," *Chin v. American Telephone & Telegraph Co.*, 96 Misc.2d 1070, 410 N.Y.S.2d 737, 741 (1978); *see Waldman v. Englishtown Sportswear, Ltd.*, 92 A.D.2d 833, 460 N.Y.S.2d 552, 555 (1983), and several federal courts have thus upheld wrongful discharge claims (either in tort or in contract) based on a violation of public policy, *see Sherman v. St. Barnabas Hospital*, 535 F.Supp. 564 (S.D.N.Y.1982); *Savodnik v. Korvettes, Inc.*, 488 F.Supp. 822, 824–27 (E.D.N.Y.1980); *see also Brink's Inc. v. City of New York*, 533 F.Supp. 1123, 1125 (S.D.N.Y.1982), the decision whether to recognize a new state claim, especially in an area where the legislature has already provided an adequate scheme by which plaintiff can redress any violation of his rights, should be left to the legislature and state courts. *Accord, Salanger v. U.S. Air*, 560 F.Supp. 202, 204–05 (N.D.N.Y.1983); *Boniuk v. New York Medical College*, 535 F.Supp. 1353, 1355–58 (S.D.N.Y.1982); *see also Pavolini v. Bard-Air Corp.*, 645 F.2d 144, 148 (2d Cir.1981). At present, the established law of New York is that the public policy is not imported into every agreement as a limitation on the terms of the contract. *Murphy v. American Home Products Corp.*, 461 N.Y.

S.2d at 235–36, 448 N.E.2d at 89–90. Rather, a violation of the Human Rights Law (N.Y.Exec.Law § 296) is a separate wrong for which that law provides its own remedies, the "state claims" which are discussed in the first portion of this opinion.

Accordingly, plaintiff's breach of contract claim is dismissed, and it is unnecessary to address defendant's Statute of Frauds argument.

For the foregoing reasons, defendant's motion is granted, and plaintiff's second and third claims for relief are dismissed.

So ordered.