PATRICIA SCOTT, Respondent-Appellant, v CARTER-WALLACE, INC., Appellant-Respondent.

First Department, May 23, 1989

APPEARANCES OF COUNSEL

*Steven R. Fusfeld* of counsel *(Esterman & Esterman, P. C.,* attorneys), for respondent-appellant.

*Eric M. Nelson* of counsel *(Karen J. Lamp* with him on the brief; *Breed, Abbott & Morgan,* attorneys), for appellant-respondent.

**OPINION OF THE COURT**

WALLACH, J.

Under Executive Law § 297 (9), a person claiming to be aggrieved by an unlawful discriminatory practice who elects to file a complaint with the State Division of Human Rights (State Division) is barred from pursuing a remedy in State court. We now hold that a grievant who files a charge of discrimination with the Equal Employment Opportunity Commission (EEOC)—the Federal agency empowered to enforce title VII of the Civil Rights Act of 1964 (42 USC § 20000e *et seq.)* (title VII), and to which resort must be had before an action under title VII for employment discrimination can be brought in Federal court (42 USC § 2000e-5 [f] [1])—is similarly barred from State court. The right to bring an action in State court should not depend on which agency the grievant files with, the decision to file with one rather than the other being more likely than not fortuitous.

Title VII is designed to supplement State and local legislation prohibiting employment discrimination by affording relief to victims of employment discrimination who do not obtain adequate relief in State and local forums *(New York Gaslight Club v Carey,* 447 US 54, 63-65, 67). Toward this end, title VII provides that where there exists a State or local agency authorized to grant or seek relief against employment discrimination, no charge may be filed with the EEOC before the expiration of 60 days after proceedings have been commenced under State or local law, unless such proceedings are earlier terminated (42 USC § 2000e-5 [c]). Read literally, such a condition might seem to require the EEOC to reject a charge not first filed with the appropriate State or local agency, but instead the EEOC has developed the practice of automatically referring such a charge to the State or local agency and holding its own formal filing of the charge in "suspended animation" for the 60-day deferral period *(New York Gaslight Club v Carey, supra,* at 64). This system of referral and deferral insures compliance with procedural requirements not

likely to be appreciated by most grievants *(see, Voutsis v Union Carbide Corp.,* 452 F2d 889, 892), and was approved by the United States Supreme Court as particularly appropriate given a statutory scheme in which laymen, unassisted by counsel, generally initiate the process *(Love v Pullman Co.,* 404 US 522). Another significant feature of title VII for purposes of this appeal is the right of a grievant to sue de novo in court even when a charge has been dismissed by the EEOC as groundless (42 USC § 2000e-5 [f] [1]).

New York State's Human Rights Law (Executive Law § 290 *et seq.)* permits a person claiming to be aggrieved by an unlawful discriminatory practice to seek relief from any court of appropriate jurisdiction, or from the State Division or any local commission on human rights, but not both, unless an administrative proceeding is dismissed on the ground of administrative convenience, in which event a court action may then be commenced (Executive Law § 297 [9]). There is a right to CPLR article 78-type review of an adverse administrative determination (Executive Law § 298), but, unlike title VII, no right to sue de novo in court. Indeed, the election required by the statute to proceed either judicially or administratively is strictly enforced. Thus, once a grievance is taken to the State Division, the election to do so cannot be undone through the simple expedient of dropping the proceedings before that agency and commencing an action in court *(Emil v Dewey,* 49 NY2d 968).

The interrelationship between title VII's deferral prerequisite and the Human Rights Law's forum election requirements has created an "anomaly" for the Federal courts relating to the exercise of their pendent jurisdiction over State law claims under the Human Rights Law. A grievant desirous of pursuing his Federal remedies under title VII cannot gain access to Federal court unless he, or the EEOC on his behalf, first files a complaint with the State Division. However, under the Human Rights Law, a filing with the State Division ipso facto results in loss of the right to sue in State court. Since a Federal court will not exercise pendent jurisdiction unless the pendent claim is cognizable in State court, compliance with title VII's deferral prerequisite for bringing an action in Federal court would seem necessarily to result in loss of the right to have the Human Rights Law claim heard in Federal court as well as State court. The Federal claim under title VII would proceed to Federal court once the State Division and the EEOC are finished with it, but the State claim under the

Human Rights Law would have to remain in the State Division *(Hunnewell v Manufacturers Hanover Trust Co.,* 628 F Supp 759, 761, applying the Age Discrimination in Employment Act [29 USC § 621 *et seq.],* which has a deferral prerequisite similar to that of title VII [29 USC § 633 (b)]; *see also, Meschino v International Tel. & Tel. Corp.,* 563 F Supp 1066, 1074 [by complying with the deferral prerequisite of the Federal statute, "a plaintiff necessarily runs afoul of the state's procedural requirements for bringing the state employment discrimination claim in court."]). Whether a Federal court exercises pendent jurisdiction over a Human Rights Law claim is of crucial significance to an aggrieved person since only equitable remedies are available under title VII whereas damages, and the consequent right to a jury trial, are available under the Human Rights Law *(see, O'Brien v King World Prods.,* 669 F Supp 639, 641-642; *People v Holiday Inns,* 656 F Supp 675, 684; *Alveari v American Intl. Group,* 590 F Supp 228, 232).

Endeavoring to justify the exercise of pendent jurisdiction over Human Rights Law claims, and relying upon the only State court case on point *(Rodriguez v Altman & Co.,* NYLJ, May 7, 1984, at 14, col 2 [Sup Ct, NY County, Wallach, J.]), the Federal courts appear close to a consensus that the effect of Executive Law § 297 (9) is to bar from court only grievants who personally file with the State Division and to permit access to those whose filing is done for them by the EEOC *(Kaczor v City of Buffalo,* 657 F Supp 441, 446-448, and cases cited therein; *see also, O'Brien v King World Prods., supra,* at 640). The theory, of course, is that when the EEOC automatically files a charge with the State agency, the grievant has no choice in the matter, and thus cannot be said to have exercised his right of election under Executive Law § 297 (9).

Plaintiff filed a charge with the EEOC alleging that defendant discriminated against her in her employment on account of race. The EEOC immediately referred the charge to the State Division, advising plaintiff in a form letter to cooperate with that agency since the findings and orders of a local agency are generally adopted by the EEOC, although a grievant is "entitled to request" a "Substantial Weight Review" of a local agency's "final finding". The State Division undertook to process plaintiff's complaint, but in the midst of that process, approximately 10 months after the referral, plaintiff instituted this action in State court alleging employment discrimination and seeking remedies under both title VII and

the Human Rights Law. Simultaneously, she advised the State Division that she desired to discontinue the proceedings then pending before it, a request that was granted in an "order of withdrawal". A subsequent motion by defendant to dismiss the complaint was granted by IAS only to the extent of dismissing the title VII causes of action on the ground that jurisdiction over them is exclusively Federal (citing *Bradshaw v General Motors Corp.*, 805 F2d 110, and *Dyer v Greif Bros.*, 766 F2d 398), a ruling from which plaintiff appeals. Concerning the Human Rights Law causes of action, however, IAS rejected defendant's argument that they are barred by Executive Law § 297 (9) and let those causes of action stand (citing *Rodriguez v Altman & Co., supra,* and *Selbst v Touche Ross & Co.*, 587 F Supp 1015), a ruling from which defendant appeals.

We think the right to bring a State court action under the Human Rights Law should not depend on whether the plaintiff happened previously to file with the EEOC and not the State Division. Indeed, one Federal court, even while applying this distinction so as to save a pendent Human Rights Law claim, criticized it as "slim" when the EEOC refers a complaint to the State Division since, in doing so, the EEOC is effectively acting as the grievant's agent, and "particularly thin" when the grievant himself files with the State Division since the decision to file with that agency, and not the EEOC, is more likely than not a mere fortuity, almost certainly so if made without assistance of counsel *(see, Kaczor v City of Buffalo, supra,* at 447). Following up with that thought, to distinguish between grievants on the basis of which agency they happened to file with would be to put a grievant who, desirous of pursuing his title VII remedies and astute to the literal requirements of that statute, deliberately files with the State Division in a worse position than an unastute grievant who, oblivious to the availability of judicial relief in any forum but desirous of vindicating his right not to be discriminated against, by chance files with the EEOC through sheer good luck. The astute grievant, like the unastute one who has the bad luck of filing with the State Division, would be barred from having his Human Rights Law claim heard in both Federal and State court, whereas the unastute grievant who files with the EEOC would not only likely have his Human Rights Law claim heard in Federal court as pendent to his title VII claim, but could, should matters not go well for him in the State Division, withdraw from that agency and commence an alternative proceeding in State court, as plaintiff

purported to do here. In this regard, we note, but find it unnecessary to address, defendant's argument that, assuming plaintiff did not make an election under Executive Law § 297 (9), she nevertheless "ratified" the EEOC's referral of her charge to the State Division by permitting the proceedings there to pend for 10 months before withdrawing therefrom and turning to court. In contrast, the grievant in *Rodriguez (supra)* repudiated the referral only two weeks after it was made, before any significant activity had been undertaken in the State Division.

Legal rights should not depend on choices unwittingly made. By statute, a State court action is barred by the filing of a complaint with the State Division, and it should make no difference whether that filing is made by the grievant himself or by the EEOC for him. Put otherwise, a grievant who files with the EEOC effectively elects, whether he realizes it or not, a Federal judicial forum, and it is to that forum that the grievant should look for his remedies, including any State law remedies provided by the Human Rights Law. This accords with common sense—it is to be expected that when a grievance is taken to a Federal agency, such as the EEOC, ultimate responsibility for its redress will be with a Federal court.

What effect this ruling might have on a Federal court's decision to exercise pendent jurisdiction over a Human Rights Law claim we cannot say. We can only say that we think it anomalous and unfair that access to State court should be available to a grievant who initially files with the EEOC but not to one who initially files with the State Division. If this means that by filing with the EEOC a grievant forfeits the right to have a Human Rights Law claim judicially redressed, the grievant who files with the State Division is not better off. Should the Federal courts, in view of this decision, make it their policy to refuse pendent jurisdiction over Human Rights Law claims, then the EEOC filer, just like a State Division filer, would simply be relegated to the State Division for redress of his Human Rights Law claim.

Because this decision overrules *Rodriguez,* the only State court decision on point, and because plaintiff may have relied upon *Rodriguez* (as have numerous Federal authorities) in withdrawing her complaint from the State Division, a step she thought would gain her access to State court, we think plaintiff should be permitted to resubmit her complaint to the State Division, if so advised.

Because we are dismissing the Human Rights Law causes of action on the ground that plaintiff's filing with the EEOC constituted an election to have those causes of action judicially redressed in a Federal court, we think it would be anomalous to hold that such filing did not also constitute an election to have her title VII causes of action redressed in Federal court. We therefore affirm the order dismissing plaintiff's title VII causes of action without actually deciding whether jurisdiction over them is exclusively Federal. Such a decision must await a case in which the plaintiff elects to pursue her remedies in State court.

Accordingly, the order of the Supreme Court, New York County (David B. Saxe, J.), entered December 18, 1987, which, *inter alia,* denied defendant's motion for summary judgment insofar as it sought dismissal of the third and fourth causes of action alleging violations of the Human Rights Law, should be modified, on the law, to grant summary judgment dismissing the third and fourth causes of action, without prejudice to plaintiff resubmitting her complaint to the State Division, and otherwise affirmed, without costs.

SULLIVAN, J. P., ASCH, MILONAS and KASSAL, JJ., concur.

Order, Supreme Court, New York County, entered on December 18, 1987, unanimously modified, on the law, to grant summary judgment dismissing the third and fourth causes of action, without prejudice to plaintiff resubmitting her complaint to the State Division, and otherwise affirmed, without costs and without disbursements.