**Sachiko TASAKA, Plaintiff,**

v.

**DDB NEEDHAM WORLDWIDE, INC. a/k/a Omnicon Group, Inc., Defendant.**

**No. 89 Civ. 3066 (RO).**

United States District Court, S.D. New York.

Feb. 2, 1990.

---

1. Thus presumably including one who drives by a school on his way to make a narcotics sale several miles away.

1015

Stewart Lee Karlin, New York City, for plaintiff.

Howard J. Rubin, Davis & Gilbert, New York City, for defendant.

## OPINION AND ORDER

OWEN, District Judge:

Sachiko Tasaka, a sixty-seven year old Associate Program Executive, alleges that she was laid off by defendant DDB Worldwide, Inc. in 1988 solely and discriminatorily on account of her age. In her complaint she asserts two causes of action flowing from this alleged wrongful discharge. The first cause of action is based on the federal Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., under which any relief is basically limited to lost pay and reinstatement; the second cause of action, a pendent New York state claim, seeks further relief, including pain and suffering and punitive damages, neither of which is allowable under the federal statute.

Plaintiff, as a statutory condition precedent to instituting this action in the United States District Court, first filed her charge with the Equal Employment Opportunity Commission. This affords the EEOC at least sixty days within which to try to resolve the issues administratively.[1] Because New York has an age discrimination law and a state authority, the New York State Division of Human Rights, to provide relief from a discriminatory practice, plaintiff's charge was however duly deferred by

---

1. 29 U.S.C. § 626(d) provides, in pertinent part: No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employ-ment Opportunity Commission.... Upon receiving such charge the Commission ... shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference and persuasion.

the EEOC to the State Division pursuant to federal regulations, 29 C.F.R. § 1600.13(4)[2], to permit informal resolution to take place at a local level. The sixty day waiting period having elapsed without an administrative resolution, plaintiff was entitled to and did commence this action in this Court, asserting not only her federal claim but also a state claim as pendent thereto.[3]

■ DDB moves to dismiss the state claim—the second cause of action—on jurisdictional grounds,[4] asserting that plaintiff is barred from seeking judicial relief on her state law discrimination claim by reason of New York law as established in a recent Appellate Division, First Department decision, *Scott v. Carter Wallace*, 147 A.D.2d 33, 541 N.Y.S.2d 780 (1989), and New York Executive Law § 297(9) (McKinney's 1982 & Supp.).[5] As established by the *Scott* decision read together with the Executive Law, one allegedly aggrieved by age discrimination in employment has a right of redress *ab initio* in the courts of the State of New York, but only if that is the first forum in which such relief is sought. If, however, the claimant first proceeds in either the federal arena—before a United States District Court or the EEOC—or administratively, before the State Division, the claimant is thereafter barred from litigating the issues through state judicial channels.[6] Because plaintiff here did not first lay her grievance before the New York courts, her state law claim no longer exists under New York law, and accordingly, defendant asserts, a no-longer-existent state claim may not thereafter be asserted as a viable pendent claim in a federal action, and must be dismissed.

I conclude, however, that defendant's suggested application of the *Scott* decision may not so constrict federal jurisdiction over claims properly filed in a federal forum, where the plaintiff has not waived state law rights in any customary sense. As the Appellate Division itself recognized, its conclusion that a litigant's election of a federal route terminates *state court* availability does not necessarily determine the effect of that conclusion on this Court's

2. 29 U.S.C. § 633(b) provides:

  In the case of an alleged unlawful employment practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law....

  29 C.F.R. § 1600.13(4) provides:

  The following procedures shall be followed with respect to charges which arise in jurisdictions having [an age discrimination law and responsible agency]:

  (i) [the complaint] shall be deferred to the appropriate [state] Agency....

  (C) The person claiming to be aggrieved ... shall be notified, in writing, that the [complaint] he or she filed with the Commission has been forwarded to the [state] Agency....

3. Apprised of the commencement of this action, the State Division stayed its proceedings pending the outcome of this action. 29 U.S.C. § 633(a).

4. Certain preliminary underbrush is hereby disposed of in this footnote. Plaintiff failed to appear on the date originally set for oral argument on the motion to dismiss the second cause of action, and the motion was granted by default. Soon thereafter, plaintiff's attorney, apparently having misunderstood his obligation to appear, moved to set aside the default. While the reinstatement motion was pending, DDB, uncertain whether plaintiff would succeed in reinstating the second claim, and with court permission, filed a late answer. Plaintiff then moved for a default judgment against DDB on the first cause of action. Plaintiff's motion to set aside the dismissal of the second claim is granted on the ground of excusable neglect. Plaintiff's motion for a default judgment on the first cause of action is denied. DDB's motion for Rule 11 sanctions is denied.

5. The rule is set forth in N.Y.Exec.L. § 297(9). That section provides that judicial relief is available to one aggrieved by discrimination "unless such person has filed a complaint hereunder or with any local commission on human rights, ... provided that, where the [local commission] has dismissed the complaint for administrative convenience, such person shall maintain all rights to bring suit as if no complaint had been filed. No person who has initiated any action in a court of competent jurisdiction ... may file a complaint with respect to the same grievance under this section...."

6. The Appellate Division's review of State Division determinations is solely for sufficiency of

jurisdiction. *Scott,* 541 N.Y.S.2d at 783. Indeed, *Scott* strongly suggests that a state claim barred in New York state courts should remain viable in a federal action under these circumstances, because "a grievant who files with the EEOC effectively elects, whether he realizes it or not, the federal judicial forum, and it is to that forum that the grievant should look for his *remedies, including any state law remedies provided by the Human Rights Law."* *Id.* (emphasis added).

In so holding, *Scott* recognizes that the New York policy underlying its election of remedies rule designed to conserve the resources of New York fora would not be undercut by a federal court's redressing such a state law claim, notwithstanding that it was barred in the state. *See Giuntoli v. Guybutler, Corp.,* 726 F.Supp. 494 (S.D.N.Y.1989). On the other hand, federal court application of the state rule, resulting in the loss of a state claim not meaningfully waived, would frustrate federal policies enunciated by Congress. *Id.* The legislative history of the ADEA clearly discloses Congress' preference for unified, expeditious procedures for ADEA suits. *See Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 755, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979) (citing 113 Cong.Rec. 7076 (1967) (remarks of Sen. Javits); 110 Cong.Rec. 13087 (1964) (remarks of Senator Dirksen on similar provision in Title VII, 42 U.S.C. § 2000e, et seq.)). There is of course no suggestion that Congress, in granting district courts jurisdiction over ADEA "actions," did not include in the jurisdictional grant the power to hear pendent state law claims when together the claims comprise a

single case that would ordinarily be tried together. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *Hargrave v. Oki Nursery, Inc.,* 646 F.2d 716, 719 (2d Cir.1981).[7] Without question, all else being equal, the exercise of pendent jurisdiction is appropriate in this case, because plaintiff's state law claim's being based on the identical incidents of alleged discrimination as are at issue in the federal claim, separate proceedings would result in duplication and waste.[8]

■ Even were plaintiff's choice of a remedy held up to scrutiny solely under New York's election of remedies test, I conclude that no waiver of the state law claim is effected by commencing with a mandatory initial filing with the EEOC, with a subsequent mandatory deferral to the State Division. Although there is some division of thought in the courts, the better and more established reasoning heretofore is that the EEOC's automatic, involuntary referral to the State Division is not an "election" of state administrative relief with consequent loss of a state action at law within the meaning of Executive Law § 297(9), *supra* at n. 5. *See, e.g., O'Brien v. King World Productions, Inc.,* 669 F.Supp. 639 (S.D.N.Y.1987); *Kaczor v. City of Buffalo,* 657 F.Supp. 441 (W.D.N.Y. 1987) (citing *Scott v. Carter–Wallace,* 134 Misc.2d 458, 511 N.Y.S.2d 767 (Sup.Ct. 1986), *aff'd as modified,* 147 A.D.2d 33, 541 N.Y.S.2d 780 (App.Div.1989); *Rodriguez v. Altman & Co.,* N.Y.L.J. May 7, 1984, at 14, Col. 2 (Sup.Ct.New York City)). Only where the plaintiff has initially filed charges with the State Division has the plaintiff been held to have elected the ad-

---

evidence. N.Y.Exec.L. § 298 (McKinney's 1982 & Supp.).

**7.** In the absence of an expressed intent to the contrary, Congress is presumed to authorize the exercise of pendent jurisdiction in federal actions. *A/SD/S Svendborg v. U.S.,* 653 F.Supp. 283 (S.D.N.Y.1986) (citations omitted). The determination of jurisdiction over pendent state law claims is highly discretionary. *Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1138. In exercising that discretion, it is necessary to consider various factors, including judicial economy, convenience and fairness to the litigants. *Id.* 86 S.Ct. at 1138. In exercising that discretion, it is nec-

essary to consider various factors, including judicial economy, convenience and fairness to the litigants. *Id.*

**8.** Although inclusion of the state claim will require some additional proof on pain and suffering, the federal claim still "predominates" so as to sustain federal jurisdiction. *See Gibbs,* 383 U.S. at 728, 86 S.Ct. at 1140. The possibility of jury confusion or prejudice to defendant from the introduction of compensatory damages evidence does not justify the certain duplication of proof that separate proceedings would demand. *Cf. Realmuto v. Yellow Freight System, Inc.,* 712 F.Supp. 287, 291 (E.D.N.Y.1989).

ministrative remedy for the state claim, thereby barring state judicial recourse. *See, e.g., Keeley v. Citibank, N.A.,* 711 F.Supp. 157, 161 (S.D.N.Y.1989); *Leake v. Long Island Jewish Medical Center,* 695 F.Supp. 1414, 1418 (E.D.N.Y.1988), *aff'd,* 869 F.2d 130 (2d Cir.1989); *Hunnewell v. Manufacturers Hanover Trust Co.,* 628 F.Supp. 759, 761 (S.D.N.Y.1986); *cf. Keister v. Delco Products,* 680 F.Supp. 281, 283 (S.D.Ohio 1987). Additionally, the relevant statutory language calls for application of the election of remedies provision where the very "person claiming to be aggrieved" has filed an action with the State Division or other local agency. Where the EEOC, and not the aggrieved person, files with the State Division, the statute does not apply; similarly, the aggrieved person's filing with the EEOC, instead of the State Division or other local agency, does not fall within the statute's terms.

Accordingly, since plaintiff never meaningfully relinquished her state claim, and in any event New York's law on election of remedies' being inapplicable in this Court in these circumstances, DDB's motion to dismiss the state law claim—the second claim for relief—is denied.

So ordered.