**Constance WIESMAN, Plaintiff,**

v.

**The METROPOLITAN MUSEUM OF ART, Defendant.**

**No. 91 Civ. 1754 (WK).**

United States District Court, S.D. New York.

Sept. 4, 1991.

Janet C. Neschis, Leavy Rosensweig & Hyman, New York City, for plaintiff.

Charles H. Kaplan, Whitman & Ransom (Alice B. Stock, on brief, of counsel), New York City, for defendant.

## OPINION AND ORDER

WHITMAN KNAPP, District Judge.

This action arises out of a claim that the defendant violated provisions of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Invoking pendant jurisdiction, the complaint also alleges that the defendant's actions violated provisions of New York's Human Rights Laws, New York Executive Law § 296, *et seq.* Pursuant to Fed.R.Civ.P. 12(b)(6), defendant now moves to dismiss the state law claims for failure to state a claim for which relief can be granted. For the reasons that follow this motion is granted.

### BACKGROUND

Plaintiff was an employee of the defendant's during the years 1974 to 1989. On March 17, 1989 defendant notified plaintiff in writing that it was terminating her employment effective June 30, 1990. Plaintiff was 43 years old at this time. By this complaint, plaintiff alleges that defendant discharged her from employment "because of her age" in violation of both state and federal law.

Pursuant to the jurisdictional requirements of the ADEA[1], on October 24, 1989 plaintiff filed a claim of age discrimination

---

**1.** *See* 42 U.S.C. §§ 2000e–5(c), 2000e–5(f)(1).

with the Equal Employment Opportunity Commission ("EEOC"), the federal agency empowered to enforce Title VII of the Civil Rights Act of 1964. Pursuant to a "Worksharing Agreement" which the EEOC has with the New York State Division of Human Rights ("DHR"), on November 3, the EEOC automatically filed plaintiff's state claims with the DHR[2]. On November 2, 1990 the EEOC issued plaintiff a right to sue notice and on March 13, 1991 plaintiff commenced the instant action. To date, the DHR has neither dismissed plaintiff's claims nor has it taken any action to prosecute them.

Under New York State Executive Law § 297(9) ("§ 297") once a person has filed a complaint with a state administrative agency that person is deemed to have selected a non-judicial forum for his/her grievances, and accordingly "shall [not] have a cause of action in any court of competent jurisdiction for damages and such other remedies as may be appropriate"[3].

In support of the instant motion to dismiss, defendant contends that since plaintiff's state claims have been filed with the DHR, § 297 bars plaintiff from proceeding on those claims in this court. Defendant cites the decision in *Scott v. Carter–Wallace* (1st Dep't 1989) 147 A.D.2d 33, 541 N.Y.S.2d 780, *app. dism.*[4], 75 N.Y.2d 764, 551 N.Y.S.2d 903, 551 N.E.2d 104 (1989) to support the conclusion that § 297 must be so construed. In opposition, plaintiff asserts that the *Carter–Wallace* court held only that the filing of a claim with the DHR barred plaintiff from proceeding in state court; it did not, as it could not, determine what effect such a filing would have on a federal court's powers to hear plaintiff's state claims under the doctrine of pendant jurisdiction. Plaintiff contends that since she did not personally choose to file her claims with the DHR, we should not construe § 297 as a bar to her proceeding with these claims in this forum.

After we heard oral argument on this motion, by letter dated July 23, 1991 plaintiff informed us that on July 15 the New York State Legislature amended § 297 and effectively overruled the decision in *Carter–Wallace*[5]. As amended § 297 provides, in relevant part, that:

A complaint filed by the equal employment opportunity commission to comply with the requirements of 42 U.S.C. § 2000e–5(c) shall not constitute the filing of a complaint within the meaning of this subdivision.

*See* Ch. 342 of the Laws of 1991. The legislation, however, expressly states that

---

**2.** *See* Pl.Exh. 2; 42 U.S.C. § 2000e–5(c) (noting that where there exists a state or local agency authorized to grant or seek relief against employment discrimination, no charge may be filed with the EEOC before the expiration of 60 days after proceedings have been commenced under state law, unless such proceedings are earlier terminated); *Olsen v. Citibank N.A., and Citicorp* (S.D.N.Y.1990) 1990 WL 41709, * 1 n. 2, 1990 U.S.Dist. LEXIS 7271, 7272 n. 2 (observing that rather than rejecting outright charges which are filed prematurely with the EEOC, the EEOC has developed the practice of automatically referring the charge to the appropriate State agency and holding its own formal filing of the charge in suspense pending the requisite sixty day period).

**3.** This provision, commonly referred to as the "election of remedies provision", in its entirety reads as follows:

Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other reme-dies as may be appropriate, unless such person had filed a complaint hereunder or with any local commission on human rights, or with the superintendent pursuant to the provisions of section two hundred ninety-six-a of this chapter, provided that, where the division has dismissed such complaint on the grounds of administrative convenience, such person shall maintain all rights to bring suit as if no complaint had been filed. No person who has initiated any action in a court of competent jurisdiction or who has an action pending before any administrative agency under any other law of the state based upon an act which would be an unlawful discriminatory practice under this article, may file a complaint with respect to the same grievance under this section or under section two hundred ninety-six-a.

**4.** The Court of Appeals dismissed the appeal on the ground that plaintiff had waived her right to appeal. *See* 551 N.Y.S.2d at 903, 551 N.E.2d at 104.

**5.** The 1991 amendment to § 297 was signed into law by the Governor on July 15, 1991.

it "shall take effect immediately and shall apply to complaints filed with any federal commission on human rights *on or after such a date*" (emphasis added).

## DISCUSSION

Since plaintiff's state law claims were filed with the DHR in November 1989, it is evident that the recent amendment to § 297 has no relevance to the instant case. Accordingly, we limit our discussion to the question presented by this motion, namely, what effect, if any, does the decision in *Carter–Wallace* have on our power to hear plaintiff's state law claims.

In *Carter–Wallace* the Appellate Division First Department interpreted § 297 as a bar to a plaintiff's pursuing a remedy in state court for violations of the New York Human Rights Laws if a complaint alleging such violations had been filed with the DHR. Writing for the court Judge Wallach, overruling his own prior decision in *Rodriquez v. B. Altman & Co.* (Sup.Ct. N.Y.Co., 1984) N.Y.L.J., May 7, 1984 p. 14, col. 2 (Wallach, J.), expressly determined that the § 297 bar applies regardless of whether or not the decision to file such a complaint with the DHR was made by the grievant personally, or automatically by the EEOC. *See* 541 N.Y.S.2d at 782–783.

So stated, contrary to the arguments of plaintiff, the question before us is not a jurisdictional one; the question is whether or not a state cause of action exists after plaintiff's claims were filed with the DHR. *See Dapelo v. Banco Nacional de Mexico* (S.D.N.Y.1991) 767 F.Supp. 49 (Martin, J.). Since it is beyond dispute that plaintiff's Human Rights Law claims were filed with the DHR in November 1989, if *Carter–Wallace* is controlling law, we are constrained to find that no state cause of action exists for said claims in the circumstances before us.

 It is well settled that in interpreting state law a federal court must look to the rules of decisions as announced by the state courts, and is "not free to reject the state rule merely because it has not received the sanction of the highest state court" even if it thinks the rule is unsound in principle or that another is preferable. *West v. A.T. & T. Co.* (1940) 311 U.S. 223, 236–237, 61 S.Ct. 179, 183, 85 L.Ed. 139. As the Court in *West* prescribed:

> Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is datum for ascertaining state law which is not to be disregarded by a federal court unless it is *convinced* by other persuasive data that the highest court of the state would decide otherwise.

*Id.* at 237, 61 S.Ct. at 183 (emphasis added). Although we express doubt as to the correctness of the *Carter–Wallace* court's interpretation of § 279, *see Olsen*, 1990 WL at * 2, 1990 U.S.Dist. LEXIS at 7278, we cannot say that we are *convinced* that the New York Court of Appeals would not have adopted this interpretation as its own. *Cf. Dapelo*, 767 F.Supp. at 52–53 (noting that *Carter–Wallace* addresses a novel issue of state law and no other state court decision stands in opposition to its holding); *Guiffre v. Metropolitan Life Insurance Co.* (S.D.N.Y.1989) 129 F.R.D. 71 (adopting *Carter–Wallace* as the state's final interpretation of its own laws). Accordingly, we are constrained to apply the First Department's interpretation of the scope of the rights afforded plaintiffs under the state's Human Rights Laws to the circumstances at hand. We therefore grant defendant's motion to dismiss plaintiff's state claims for failure to state a cognizable claim.

So to conclude, however, does not mean that plaintiff is forever barred from pursuing her state claims in this judicial forum. As the same court which issued the decision in *Carter–Wallace* has more recently observed, under New York Executive Law § 297(3)(c) a plaintiff may seek to have her state claims dismissed by the DHR for administrative convenience. *See Eastman Chemical Products v. DHR* (1st Dept.1990) 162 A.D.2d 157, 556 N.Y.S.2d 571 (memorandum decision, before Kupferman, J.P., and Sullivan, Asch, Wallach and Smith, JJ.) (noting that the DHR may grant this request for the express reason of "effectuat-

**820**

ing the parties' election of remedies")[6]; *cf.* 9 NYCRR 465–5(d)(2)(v); New York Administrative Code, Title IX. In the event the DHR does grant such a request, § 297 expressly provides that plaintiff is then free to pursue her state claims in any court of competent jurisdiction, as if no complaint had ever been filed with the state agency. *See* New York Executive Law § 297(9), *supra* n. 1.

Since it is axiomatic that we may exercise pendant jurisdiction over cognizable state law claims, we therefore conclude that if plaintiff files for a dismissal of her state claims before the DHR within 30 days of this order, and if that agency decides to grant her motion for reasons of administrative convenience, plaintiff may make a timely motion to replead her state claims.

SO ORDERED.

---

**6.** The decision in *Carter–Wallace* was issued by Justices Sullivan, Asch, Milonal, Kassal, and Wallach. Judge Wallach wrote the opinion. 541 N.Y.S.2d at 780.