**Constance WIESMAN, Plaintiff,**

v.

**The METROPOLITAN MUSEUM OF ART, Defendant.**

**No. 91 Civ. 1754 (WK).**

United States District Court,
S.D. New York.

Jan. 30, 1992.

Janet C. Neschis, Leavy Rosensweig & Hyman, New York City, for plaintiff.

Charles H. Kaplan, Whitman & Ransom, New York City, for defendant.

## OPINION AND ORDER

WHITMAN KNAPP, Senior District Judge.

On September 4, 1991 we issued an opinion in this case, familiarity with which is presumed. *See Wiesman v. Metropolitan Museum of Art* (S.D.N.Y.1991) 772 F.Supp. 817. On September 26 plaintiff filed a request with the New York State Division of Human Rights (DHR) for an administrative dismissal of her Human Rights Law claim ("state claim"). On October 22, the DHR granted this request, and issued a Determination and Order dismissing plaintiff's state claim on the ground of administrative convenience. Defendant has filed a petition seeking to annul the DHR decision with the New York State Supreme Court, New York County.

Pursuant to the instructions in our September 4 opinion and Fed.R.Civ.P. 15(a), plaintiff now moves for leave to replead her state claim. In opposition, defendant contends that the relief offered plaintiff pursuant to New York's Human Rights Law is identical to that available pursuant to her Age Discrimination in Employment Act (ADEA) claim, and accordingly that leave to plead the state claim should be denied as futile. In addition defendant argues that it is likely to prevail on the merits of its appeal of the DHR's October 22, 1991 decision, which would render the instant motion moot.

Having heard oral argument on January 24, 1992, and having reviewed all papers submitted by the parties, we grant plaintiff's motion to replead. Whether or not the relief available under New York law is identical to that provided by the ADEA, there can be no dispute that a violation of the state law is a separate cognizable claim pursuant to which plaintiff may recover actual damages, and which plaintiff has a right to plead. In the·event the New York courts reverse the decision of the DHR to dismiss plaintiff's state claim we will then entertain a motion by defendant to strike said claim.

We are cognizant of the fact that if defendant's appeal of the decision of the DHR is successful, and if the reversal of that decision mandates dismissal of plaintiff's state law claim in this action, discovery on the issue of compensatory and/or punitive damages will have been a waste of time and resources. Accordingly, we hereby direct that plaintiff may not proceed with any discovery which would not be relevant to her ADEA claim, absent leave of court.

Plaintiff shall file and serve its amended complaint within 10 days of this order.

SO ORDERED.