Louis G. Bruhn, J.
This .is a motion by the petitioner for an order pursuant to section 298 of the Executive Law of the State of New York enforcing in full a certain order issued by it and dated December 3, 1963.
It appears that during a hearing by said commission involving alleged unlawful discriminatory practices by the respondents in violation of section 296 of the Executive Law, a certain stipulation was entered into by and between the parties to the proceeding.
For the purposes of this motion it is significant to observe merely that such stipulation, inter alia, provided: “3. The Commission make an order as set forth below, and, upon 10 days’ notice in writing to respondents may apply to the Supreme Court for enforcement thereof.” (Italics supplied.)
It is further significant to note also that the stipulation then went on to announce further terms, which terms were incorporated in their entirety in the order of the commission as issued.
The within motion seeks to obtain court benediction for added virility to the order so that in the event of any violations in the future contempt as a remedy will be available.
Such relief apparently may not be thwarted by the argument that there has been no violation of the order as yet nor that pursuant to the stipulation and order the respondents are to “ 8. Notify the Commission’s Counsel at 270 Broadway, New York 7, New York, in writing within 60 days after the date of Consent Order, as to the steps taken to comply herewith.”
Such conclusion would appear to be confirmed by an examination in toto of article 15 of the Executive Law.
The general scheme of such article would indicate that, aside from section 299 which contains a penal provision for a willful *970 violation of an order of the commission, no provision is available for enforcement except section 298.
That section provides, in part, so far as applicable: “ Any complainant, respondent or other person aggrieved by such order of the commission may obtain judicial review thereof, and the commission may obtain an order of court for its enforcement, in a proceeding as provided in this section. * * *
Thereupon the court shall have jurisdiction of the proceeding and of the questions determined therein, and shall have power to grant such temporary relief or restraining order as it deems just and proper, and to make and enter upon the pleadings, testimony, and proceedings set forth in such transcript an order enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the commission.” (Italics supplied.)
Therefore, in view of the foregoing the motion of the petitioner is granted, without costs, and an enforcing order of the commission’s order dated December 3, 1963, may issue. (Matter of New York State Labor Relations Bd. v. Harmony Tea Shoppe, 285 App. Div. 1162, affd. 2 N Y 2d 980.)