In the Matter of the STATE DIVISION OF HUMAN RIGHTS, Petitioner, *v.* EMPLOYERS-COMMERCIAL UNION INSURANCE GROUP et al., Respondents.

First Department, February 2, 1970.

*Alan J. Saks* (*Henry Spitz, General Counsel*), for petitioner.

*Edward Alan Shure* of counsel (*Shure & Bruder,* attorneys), for respondents.

McNALLY, J.   The petitioner, State Division of Human Rights, applies for an order pursuant to section 298 of the Executive Law (art. 15 entitled Human Rights Law) to enforce its order dated October 22, 1969 which imposes damages of $1,250 and directs the respondents to cease and desist from certain discriminatory practices against any individual by reason of race, color, creed or national origin, and further desist from discriminating against any individual in the terms, conditions and compensation and all privileges of employment because of race, color, creed or national origin, and compels the service of certain notices.

The order dated October 22, 1969 was granted on the complaint of a Negro who claimed unlawful discriminatory practices relating to employment by reason of the complainant's color. There was no appeal from the order and the time to appeal has expired.   Hence, there is no question as to the correctness or validity of the commission's determination.   The order required the following:

1. That complainant be advised in writing of the first available Insurance Claims Adjuster Trainee position (property damage) in respondents' office.

2. That further, the respondents shall require no further references from the complainant, and if he accepts the position,

respondents shall not cause him any discomfort by reason of his previous testimony.

3. Further, that the respondents shall forward a copy of the offer to the State Division of Human Rights.

4. That complainant be allowed seven days from the receipt of the offer to decide whether to decline or accept.

5. Subject to offering complainant employment for two years from the final date of the order, the respondents are compelled in writing to notify the State Division of Human Rights and the New York State Employment Service of the availability of any Insurance Claims Adjuster Trainee (property damage) position in their office and shall allow the New York State Employment Service 10 days in which to refer interested applicants.

6. Respondents shall interview and consider all referred applicants on the same basis as has heretofore been their practice with all applicants, and such applicants shall be accepted on the same terms and conditions as all other applicants.

7. Respondents shall send letters to all recruitment services, including employment agencies, citing respondents' policy of nondiscrimination in employment and encouraging these agencies to refer applicants to respondents without regard to race, creed, color or national origin. All newspaper advertisements placed to attract applicants for employment shall include a statement to the effect respondents are equal opportunity employers.

8. Respondents shall make available to the State Division of Human Rights at reasonable times and places specified such documents from which the petitioner may ascertain compliance.

9. Respondents shall place in a well-lighted conspicuous place the regulatory employment poster of the State Division of Human Rights.

Respondents have paid the damages awarded. Paragraph 10 of the petition in support of this application alleges "This motion is not predicated upon a contention that respondents have violated these directives. Rather, it looks *in futuro,* seeking to assure continued compliance."

Section 299 of the statute provides that a willful violation of an order of the petitioner constitutes a misdemeanor. Section 298, in addition, provides "the division [the petitioner herein] may obtain an order of court for its enforcement and for the enforcement of any order of the commissioner which has not been appealed to the board".

The question presented is whether in the absence of an allegation of noncompliance, the petitioner may apply for an enforcement order. Petitioner cites in support of its application *Matter*

of New York State Labor Relations Bd. v. Harmony Tea Shoppe (285 App. Div. 1162, affd. 2 N Y 2d 980); Matter of State Comm. for Human Rights v. Mullen (41 Misc 2d 969); Matter of State Comm. Against Discrimination v. Mustachio (56 Misc 2d 47).

Harmony Tea Shoppe (supra) is not in point. Involved was a continuing failure to bargain collectively. In the instant proceeding, there is no claim of noncompliance. Moreover, in the Harmony case, the appellant sought to rely on the alleged change in representation of the employees subsequent to the order made by the State Labor Relations Board. It was held that the alleged subsequent change could not be asserted in opposition to the application for the enforcement of the order.

The Mustachio case is also inapposite, dealing with the proposition that an order of the commission may be enforced even though respondent sold his business and moved from the State. Mullen (supra, decided in 1963) is a holding in point not supported by authority, and we do not find it persuasive.

Furthermore, chapter 958 of the Laws of 1968 added subdivision 7 to section 297 of the Executive Law providing as follows: " Not later than one year from the date  *  *  *  an order issued under this section, and at any other times in its discretion, the division shall investigate whether the respondent is complying with the terms of such agreement or order. Upon a finding of non-compliance, the division shall take appropriate action to assure compliance." Subdivision 7 might well import the requirement of a finding of noncompliance with the order of the commission before action may be taken to assure compliance which would be in the form of a court order. In fact, it may well be that the 1968 amendment qualifies section 298 to the extent it requires an allegation of noncompliance before an application is made to the Appellate Division for enforcement. We do not find it necessary to reach that question however, since we feel that this application should be denied, without prejudice, as a matter of discretion on the ground it is premature. We have not overlooked the fact that an order issued out of this court could be the basis for a contempt citation, but, at the moment, we feel there is no necessity for such an order. Since the language of the statute is not cast in mandatory terms, this court retains discretionary control over an application for an enforcement order of this nature. At this time, the facts in the instant case call for an exercise of discretion. Accordingly, on the facts and law and in the exercise of discretion, the petition should be dismissed, without prejudice, and without costs.

Tilzer, J. P., McGivern, Markewich and Nunez, JJ., concur.

Application pursuant to section 298 of the Executive Law to enforce order of petitioner dated October 22, 1969, unanimously denied, and the petition dismissed, on the facts and the law and in the exercise of discretion, without prejudice, and without costs or disbursements.