**Paul W. MARTEL, Plaintiff,**

v.

**DEAN WITTER REYNOLDS, INC., Defendant.**

**No. CV 89–2284(RR).**

United States District Court, E.D. New York.

March 16, 1990.

Hockert & Flamm, by Leonard N. Flamm, Norman Mednick, New York City, for plaintiff.

Epstein Becker & Green, P.C., by Kenneth J. Kelly, Carol S. Bernheim, New York City, for defendant.

## MEMORANDUM AND ORDER

RAGGI, District Judge:

Plaintiff, Paul W. Martel, sues his former employer, Dean Witter Reynolds, Inc., for alleged age discrimination pursuant to 29 U.S.C. § 621 *et seq.* (1985 & Supp.1989), the Age Discrimination in Employment Act of 1967. He invokes the court's pendent jurisdiction to allege analogous violations of the New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.* (McKinney 1982).

Dean Witter moves for summary judgment on the pendent claim, arguing that plaintiff's pursuit of state administrative remedies bars subsequent judicial proceedings. Plaintiff opposes the motion, noting that the administrative claim was never addressed on the merits, but dismissed for convenience.

For the reasons stated herein, the court denies the motion for summary judgment.

### Background

For purposes of this motion, the court views the facts in the light most favorable to plaintiff. Paul W. Martel, currently fifty-four years of age, was first employed by Dean Witter in April 1984. Over the next five years, he served in various sales positions, rising ultimately to Senior Institutional Salesperson and First Vice President. Without prior criticism of his work or other advance warning, plaintiff was told on November 10, 1988 that he was terminated effective the following April. Plaintiff was replaced by an individual approximately forty years old.

On April 21, 1989, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") charging Dean Witter with having fired him based on his age and with engaging in a pattern and practice of terminating older sales employees. Such a filing is a statutory prerequisite to the commencement of a federal court action alleging age discrimination. *See* 29 U.S.C. § 626(d) (1985). The complaint was forwarded to the New York State Division of Human Rights for initial processing pursuant to 29 C.F.R. § 1626.9 (1989).

On July 12, 1989, Martel commenced this action alleging age discrimination in violation of both federal and state law. On August 21, 1989, Dean Witter moved for summary judgment on the pendent claim, citing plaintiff's election of a state administrative forum for its resolution. Plaintiff's counsel promptly wrote to the Division of Human Rights requesting that the complaint be dismissed on grounds of administrative convenience. The Division granted the request on September 13, 1989, finding

that "processing the complaint will not advance the State's human rights goals in as much as the matter is presently being litigated in Federal Court in which forum all the issues concerning the question of age discrimination can be resolved."

### Discussion

This case presents another example of the "uneasy relationship" between the procedural requirements of federal statutes aimed at insuring equality in employment and the election of remedies provision of the New York State Human Rights Law. *See, e.g., Giuntoli v. Garvin Guybutler Corp.*, 726 F.Supp. 494, 501 (S.D.N.Y.1989).

Under federal law, a party wishing to commence an age discrimination action in court must first file a complaint with the EEOC. 29 U.S.C. § 626(d) (1985). In a state, such as New York, which has a law prohibiting age discrimination in employment and which has authorized a state agency to grant relief from such discriminatory practice, the EEOC automatically refers the complaint, in the first instance, to the state agency. 29 C.F.R. § 1626.9 (1989); 29 U.S.C. § 633(b) (1985).

New York, on the other hand, provides parties claiming age discrimination with a choice. They may pursue their state claim either directly through the courts or through the administrative agency. Once the administrative route is chosen, however, it provides the sole avenue of relief. N.Y. Exec.L. § 297(9) (McKinney 1982).

Thus, a party seeking to take advantage of the protections afforded against age discrimination under both federal and New York state law is presented with an anomalous situation. He cannot present his federal claim in court until he has pursued relief through the EEOC. Once he does so, however, the EEOC will automatically refer his complaint to the State Division of Human Rights, thereby precluding him from seeking court review of his state law claim. *See Giuntoli v. Garvin Guybutler Corp.*, 726 F.Supp. at 501.

A number of federal courts, confronted with this situation, have nevertheless permitted a plaintiff to pursue both his federal and state claims in a single action, finding that "the required reference to the S.D. H.R. by the E.E.O.C. is not an election by the individual plaintiff." *Gibson v. American Broadcasting Co., Inc.*, 49 Fair Empl. Prac. Cas. (BNA) 1506, 1986 WL 10290 (S.D.N.Y.1986); *accord Tasaka v. DDB Needham Worldwide, Inc.*, 729 F.Supp. 1014 (S.D.N.Y.1990); *O'Brien v. King World Prods., Inc.*, 669 F.Supp. 639, 640 (S.D.N.Y.1987); *Kaczor v. City of Buffalo*, 657 F.Supp. 441, 447 (W.D.N.Y.1987); *People v. Holiday Inns, Inc.*, 656 F.Supp. 675, 683 (W.D.N.Y.1984); *Selbst v. Touche Ross & Co.*, 587 F.Supp. 1015, 1017 (S.D.N.Y. 1984).

Despite this emerging federal "consensus," the New York Appellate Division, First Department, has recently ruled that litigants alleging discrimination will not be treated differently in *state* court based simply on whether their claims came before the Division of Human Rights by way of personal filing or automatic EEOC referral. *Scott v. Carter–Wallace, Inc.*, 147 A.D.2d 33, 34, 541 N.Y.S.2d 780, 781 (1st Dep't 1989). A state court action is barred in any case where a complaint is first filed with the Division of Human Rights, regardless of "whether that filing is made by the grievant himself or by the EEOC for him." *Id.* at 37, 541 N.Y.S.2d at 783. No injustice is thereby done to a grievant who files initially with the EEOC since such action "effectively elects ... a federal judicial forum, and it is to that forum that the grievant should look for his remedies, including any state law remedies provided by the Human Rights Law." *Id.*

A number of courts have interpreted this last statement as recognition by New York that "the state election of remedies goal would not be hindered, and in fact could conceivably be furthered, by redress of the state law claims in federal court." *Giuntoli v. Garvin Guybutler Corp.*, 726 F.Supp. at 502; *accord Tasaka v. DDB Needham Worldwide, Inc., supra; see also Eastman Chem. Prod., Inc. v. New York State Div. of Human Rights*, N.Y. L.J., November 30, 1989, at 23, col. 2, col. 4. Certainly, the Appellate Division in *Scott*

expressed no view as to how its ruling might affect a "federal court's decision to exercise pendent jurisdiction over a Human Rights Law claim." *Scott v. Carter–Wallace, Inc.*, 147 A.D.2d at 38, 541 N.Y.S.2d at 783. It did, however, raise the possibility that a federal litigant might "simply be relegated to the State Division for redress of his Human Rights Law claim." *Id.*

In short, the ability of a federal court to exercise pendent jurisdiction over a state claim of discrimination that has been the subject of an EEOC referral to the Division of Human Rights remains a complex and unresolved question.

The question in this case is, however, somewhat narrower. Plaintiff's complaint was dismissed by the Division of Human Rights on grounds of administrative convenience. All parties in this action agree that § 297(9) does permit a party who has filed a complaint with the Division of Human Rights to institute court proceedings where the Division dismisses the complaint for administrative convenience. Defendants argue, however, that the exception is not applicable to this case because the dismissal, having been suggested by the plaintiff, was improperly granted.

The New York Court of Appeals has, in fact, only recently reversed an administrative convenience dismissal specifically sought by a plaintiff. *Marine Midland Bank, N.A. v. New York State Div. of Human Rights*, 75 N.Y.2d 240, 552 N.Y.S.2d 65, 551 N.E.2d 558 (1989). In that case, when Marine Midland answered an administrative complaint by noting its untimely filing, the complainant obtained an administrative convenience dismissal to permit him to file a court action, which was governed by a longer limitation period. The Court of Appeals found such a dismissal to be "purely arbitrary" and reversed, noting that "[t]o permit the Division to dismiss time-barred complaints on the ground of administrative convenience, thereby paving the way for subsequent ju-

dicial review, would render meaningless the one-year time limitation of Executive Law § 297(5) and the election of remedies requirement of Executive Law § 297(9)." *Id.*, 75 N.Y.2d at 246, 552 N.Y.S.2d at 67, 551 N.E.2d at 560.

This case is distinguishable from *Marine Midland* on several levels. First, and most importantly, that case involved a direct challenge in state court, pursuant to N.Y. Exec. L. § 298, to the Division's dismissal. This court is simply not empowered to sit in appellate review of Division orders and to reverse dismissals made for reasons of administrative convenience. *See generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 1315, 75 L.Ed.2d 206 (1983); *Giuntoli v. Garvin Guybutler Corp.*, 726 F.Supp. at 504. Defendant Dean Witter has not sought § 298 review of the Division's decision in this case.[1] When no appeal is taken from a Division order, there can be "no question as to the correctness or validity of the commission's determination." *See State Div. of Human Rights v. Employers–Commercial Union Ins. Group*, 33 A.D.2d 273, 274, 307 N.Y.S.2d 232, 233 (1st Dep't 1970). Accordingly, this court must assume that the Division's decision to dismiss Martel's complaint on grounds of administrative convenience was correct and, pursuant to the express terms of § 297(9), permit plaintiff to pursue his state claim in this action.

The court further notes that this is, in any event, not a case in which plaintiff's administrative complaint was untimely filed, a factor critical to the *Marine Midland* decision. Therein it could fairly be said that the complainant had, in the first instance, in fact elected to proceed administratively, but had second thoughts upon realizing that he had failed to file within the limitations period. Only when confronted with a likely dismissal of his admin-

---

1. At oral argument on September 22, 1989, this court suggested that defendant raise his challenge to the propriety of the Division's dismissal in an appropriate state forum. This was still well within the sixty days provided for commencing a review proceeding. N.Y.Exec.L. § 298 (McKinney Supp.1990).

istrative proceeding did he decide to pursue a court action.

In this case, it is undisputed that plaintiff never sought to have his claim resolved by the State Division of Human Rights. He filed initially with the EEOC simply to comply with federal statutory prerequisites for bringing a court action. The EEOC, pursuant to its own internal policies, referred the matter to the State Division. Where a federal court action is pending that will resolve all issues concerning the alleged discrimination, at least one New York court has found it appropriate for the State Division to conclude that its own duplicative consideration of the complaint would not advance human rights goals. *Eastman Chem. Prods., Inc. v. New York State Div. of Human Rights*, N.Y.L.J., November 30, 1989, at 23, col. 2; *see* 9 N.Y.C.R.R. 465.- 5(d)(2)(v) (1985). This holding was followed in *Giuntoli v. Garvin Guybutler Corp.*, 726 F.Supp. at 505–06.

The rationale of *Eastman Chemical Products* is persuasive. The State Division was not, after all, considering whether to allow a complainant who initially proceeded administratively thereafter to commence a state court action, conduct that would clearly have undermined the interest in efficient allocation of limited resources that underlies New York's election of remedies policy. *See Marine Midland Bank v. New York State Div. of Human Rights, supra; Scott v. Carter–Wallace*, 147 A.D.2d at 39, 541 N.Y.S.2d at 783. Rather, the State Division was confronted with the reality of an extant federal action that would be fully addressing the discrimination claim regardless of whether the state administrative proceeding continued or not. Under such circumstances, the Division could fairly find that little was to be gained from its own independent consideration of this claim as opposed to others pending before it.

■ Confronted with an unappealed dismissal of plaintiff's complaint before the State Division on grounds of administrative convenience, and persuaded that such a dismissal would, in any event, be appropriate on facts such as those here presented, the court declines to dismiss the pendent state claim pursuant to N.Y.Exec.L. § 297(9) (McKinney 1982).

■ Dean Witter further urges dismissal of the pendent claim because of the risk of jury confusion in considering a federal claim that does not permit an award of money damages for pain and suffering together with a state claim that does. The court is unpersuaded. *See Tasaka v. DDB Needham Worldwide, Inc., supra* (declining to dismiss state Human Rights claim pendent to ADEA claim). The federal and state claims here at issue involve "parallel issues," both of fact and law. Indeed, the same policies are advanced by the two claims. *See Miller v. Lovett*, 879 F.2d 1066, 1071 (2d Cir.1989) (and cases cited therein). Under such circumstances, efficiency, economy and even fairness are best served by a single adjudication of the dispute. *Id.* Such potential confusion regarding damages as defendant anticipates will be dealt with through the use of specific interrogatories in a form of special verdict. *Id.* at 1073.

### Conclusion

Defendant's motion to dismiss plaintiff's pendent claim of discrimination in violation of New York's Human Rights Law is denied.

SO ORDERED.