**Donald RIVERS, Plaintiff,**

v.

**STANDARD & POOR'S CORPORATION, Defendant.**

No. 90 Civ. 0057 (PKL).

United States District Court, S.D. New York.

May 31, 1991.

Donnelly, Huizenga, Wahl, Hagan & Hergt, P.C., Detroit, Mich. (John P. Hergt, of counsel), Kelly, Eckhaus, Lucas & Mohen, P.C., New York City (Steven Eckhaus, of counsel), for plaintiff.

Epstein, Becker & Green, New York City (Ronald M. Green, Teresa M. Holland, of counsel), for defendant.

ORDER AND OPINION

LEISURE, District Judge:

This is an action alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the New York Human Rights Law ("Human Rights Law"), Executive Law § 290 *et seq.* Defendant Standard & Poor's Corporation has now moved, pursuant to Fed.R.Civ.P. 12(c), for judgment on the pleadings, or, in the alternative, pursuant to Fed.R.Civ.P. 56, for partial summary judgment.[1]

---

**1.** Because the parties have submitted and relied upon papers beyond the four corners of the complaint, the Court will treat defendant's mo-

tion solely as one for partial summary judgment. *See La Bounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991).

*Background*

Plaintiff Donald Rivers was employed by defendant Standard & Poor's Corporation as a General Manager in the Consulting Department in New York. In October 1987, plaintiff was informed that his position as General Manager would be eliminated, and thus he began a search for a new position within the company. Plaintiff claims that in December 1987 a new position of Senior Director, Applications Department, became available, and that he was initially recommended for this position. Plaintiff also claims that defendant subsequently interviewed a number of people for the new position, that he was not given an interview despite his having applied, and that defendant provided no explanation for its failure to interview him. In February 1988, plaintiff was given official notice that his job was being eliminated and that he would be terminated effective April 11, 1988. Plaintiff's last day of work with defendant was April 8, 1988.

On July 21, 1988, plaintiff, who was born on August 28, 1930, filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC") in connection with defendant's alleged refusal to interview or hire plaintiff for the position of Senior Director. By letter dated August 1, 1988, the EEOC notified defendant that plaintiff's charge had been transferred to the New York State Division of Human Rights ("SDHR") for investigation. On October 21, 1988, at the request of the SDHR, defendant submitted a statement of position and answers to interrogatories with respect to plaintiff's charge. On January 10, 1989, a copy of defendant's statement of position was forwarded to plaintiff by the SDHR. On January 18, 1989, plaintiff met with Susan T. Hains, the SDHR Human Rights Specialist assigned to his case, to discuss the information submitted by defendant and to respond preliminarily to defendant's contentions. By a letter to the SDHR dated January 27, 1989, plaintiff formally responded to defendant's statement of position. The SDHR thereafter requested more information from defendant, defendant supplied the information, and plaintiff requested that defendant supply additional information. A fact-finding conference was then scheduled by the SDHR to occur on June 16, 1989.

By letter dated June 7, 1989, plaintiff informed the SDHR that he intended to bring suit in federal court, and requested the SDHR to suspend its investigative activities in connection with his complaint. On June 16, 1989, plaintiff's counsel wrote the SDHR and requested that it "enter a dismissal of [plaintiff's] charge for administrative convenience so that he may institute a civil court action." Affidavit of Teresa M. Holland, Esq., sworn to on March 20, 1991 ("Holland Aff."), Exhibit O. On July 24, 1989, the SDHR dismissed plaintiff's charge on the ground of "administrative convenience" because "[p]rocessing the complaint will not advance the State's human rights goals." Holland Aff., Exhibit P. On January 4, 1990, plaintiff commenced the instant action, making the same allegations that were in his original administrative complaint. On June 13, 1990, the SDHR issued a formal determination and order dismissing plaintiff's administrative complaint on the ground of "administrative convenience," stating that "[p]rocessing the complaint will not advance the State's human rights goals in as much as the matter is presently being litigated in Federal Court in which forum all the issues concerning the question of age discrimination can be resolved." Holland Aff., Exhibit Q.

*Discussion*

Defendant has now moved for partial summary judgment dismissing plaintiff's claim under the Human Rights Law on the ground that that law provides by its explicit terms for an election of either an administrative or judicial remedy, and that plaintiff, by filing and pursuing a complaint with the SDHR, is now barred from seeking relief in this Court. "In determining whether plaintiff fulfilled the statutory requirements for commencing a New York Human Rights claim in a court of law, this Court must adhere to New York law." *Realmuto v. Yellow Freight System, Inc.,* 712 F.Supp. 287, 290 (E.D.N.Y.1989); *see*

*also Kirkland v. City of Peekskill*, 828 F.2d 104, 109 (2d Cir.1987).

The Human Rights Law provides, in pertinent part, as follows:

Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate, unless such person had filed a complaint hereunder [with the SDHR] or with any local commission on human rights ... provided that, where the [SDHR] has dismissed such complaint on the grounds of administrative convenience, such person shall maintain all rights to bring suit as if no complaint had been filed.

Executive Law § 297(9). As the text of this section of the Human Rights Law makes clear, a person alleging unlawful discrimination must choose to pursue either an administrative or judicial remedy, and cannot seek both. Equally clear from the text, however, is the explicit exception the law makes in cases in which the SDHR has dismissed the administrative complaint on the ground of "administrative convenience." In such instances, the allegedly aggrieved person "shall maintain all rights to bring suit as if no complaint had been filed." Executive Law § 297(9).

In the case at bar, plaintiff's complaint before the SDHR was dismissed on the ground of administrative convenience. Defendant asserts, however, that plaintiff asked the SDHR to dismiss his complaint because he was "[f]earful of an unfavorable determination" by that agency, Memorandum of Law in Support of Defendant's Motion to Dismiss or, in the Alternative, for Partial Summary Judgment Dismissing Plaintiff's Claim Under the New York State Human Rights Law ("Defendant's Mem.") at 13,[2] and argues that

[t]he subsequent dismissal of his charge by the SDHR to accommodate plaintiff's tactical concerns is not a true dismissal for administrative convenience as envisioned by the statute—it is a dismissal solely for the convenience of the complainant. In such circumstances, the complainant should be barred from bringing a suit in any court on the same claim.

Defendant's Mem. at 12.

This argument has been made to, and rejected by, a number of courts in this Circuit recently. *See Adames v. Mitsubishi Bank Ltd.*, 751 F.Supp. 1565 (E.D.N.Y. 1990); *Martel v. Dean Witter Reynolds, Inc.*, 738 F.Supp. 53 (E.D.N.Y.1990); *Giuntoli v. Garvin Guybutler Corp.*, 726 F.Supp. 494 (S.D.N.Y.1989). In each case, the court held that, under Executive Law § 298,[3] the sole forum for appellate review of an SDHR decision to dismiss a complaint on the ground of administrative convenience is the State Supreme Court—a federal district court has no such jurisdiction. *See Adames, supra*, 751 F.Supp. at 1576 ("this Court does not possess the jurisdictional authority to review [SDHR] orders and to reverse dismissals made for reasons of administrative convenience."); *Martel, supra*, 738 F.Supp. at 56 ("This court is simply not empowered to sit in appellate review of [SDHR] orders and to reverse dismissals made for reasons of administrative convenience."); *Giuntoli, supra*, 726 F.Supp. at 504 (SDHR decision to dismiss a complaint on the ground of administrative convenience at the request of the plaintiff is not appealable in the district court).

---

**2.** Defendant provides no evidentiary basis for its conclusion as to plaintiff's reasons for seeking dismissal of his SDHR complaint.

**3.** Executive Law § 298 provides, in relevant part:

Any complainant, respondent or other person aggrieved by an order of the commissioner which is ... an order dismissing a complaint ... may obtain judicial review thereof ... in a proceeding as provided in this section. Such proceeding shall be brought in the supreme court in the county wherein the unlawful discriminatory practice which is the subject of the order occurs or wherein any person required in the order to cease and desist from an unlawful discriminatory practice or to take other affirmative action resides or transacts business.

This section also provides that "[t]he jurisdiction of the courts over these proceedings, as provided for herein, shall be exclusive...." Executive Law § 298.

"When no appeal is taken [in the state courts] from a [SDHR] order, there can be 'no question as to the correctness or validity of the commission's determination.'" *Martel, supra,* 738 F.Supp. at 56 (quoting *State Division of Human Rights v. Employers–Commercial Union Insurance Group,* 33 A.D.2d 273, 274, 307 N.Y.S.2d 232, 233 (1st Dep't 1970)).

In an effort to avoid this line of precedent, defendant argues that it "is not challenging the dismissal of the charge itself, but rather, the effect of that dismissal in this legal proceeding." Reply Memorandum of Law in Support of Defendant's Motion to Dismiss or, in the Alternative, for Partial Summary Judgment Dismissing Plaintiff's Claim Under the New York Human Rights Law at 10. This, however, is in substance a distinction without a difference, and was precisely the argument that the Court found "unpersuasive" in *Giuntoli, supra,* 726 F.Supp. at 504. As the *Giuntoli* Court noted, "it would be meaningless to hold that the SDHR's administrative convenience dismissal is valid, yet that it does not satisfy [Executive Law] § 297(9)." *Giuntoli, supra,* 726 F.Supp. at 504. Accordingly, this Court finds the "administrative convenience" exception contained in § 297(9) to be fully applicable, and thus must permit plaintiff to pursue his Human Rights Law claim in this action.[4]

### Conclusion

For the reasons set forth above, defendant's motion for partial summary judgment dismissing plaintiff's claim under the Human Rights Law is denied.

The parties are hereby ordered to appear at a pre-trial conference on June 28, 1991, at 3:00 p.m., in Courtroom 36.

SO ORDERED.

---

**4.** Having denied defendant's motion on the basis set forth herein, the Court need not consider plaintiff's additional arguments in opposition to defendant's motion.